STATE of Missouri, Respondent,

v.

Phillip V. MASONER, Appellant.

No. KCD 27406.

Missouri Court of Appeals, Kansas City District.

June 2, 1975.

Motion for Rehearing and/or Transfer Denied July 7, 1975.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Mark D. Johnson, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

PRITCHARD, Chief Judge.

By the verdict of a jury appellant was found guilty of burglary in the second degree and stealing in connection therewith. The jury assessed punishment at two years imprisonment for each offense, and the trial court entered the sentences to be served consecutively.

The sole point made by appellant that the court erred in failing to declare a mistrial after the state in closing argument, remarked: "In this case there has been no explanation at all by the defendant as to why the property was recovered around him; no explanation at all." The objection of appellant was that the argument was a comment on his failure to testify, and on

this appeal, it is contended that the comment violated his rights under the Fifth Amendment to the Constitution of the United States; § 546.270 RSMo 1969, V.A.M.S., and Rule 26.08, V.A.M.R.

What occurred here is that the trial court sustained appellant's objection and directed the jury to "disregard that last argument of the prosecutor." In this posture there are many cases which hold that the trial court's prompt action in directing the jury to disregard the comment cures the error, if any, and renders it harmless. *State v. Gregg,* 399 S.W.2d 7, 11[9] (Mo.1966), and cases cited; *State v. Haynes,* 455 S.W.2d 504, 505 (Mo.1970) [where it was said also that "The trial court observed the incident and any possible prejudicial effect that it might have had on the jury. He considered the matter as a ground contained in the motion for new trial. Under the circumstances, the trial court's broad discretion in such matters will not be disturbed by this court. (Citing cases.)"]; *State v. Sechrest,* 485 S.W.2d 96, 99[4] (Mo.1972); *State v. Busby,* 486 S.W.2d 501, 505 (Mo.1972); *State v. Lindner,* 282 S.W.2d 547 (Mo.1955), cited by appellant, is distinguishable because there was no curative action taken by the trial court. In both the also cited cases of *Griffin v. State of California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), and *Chapman v. State of California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the facts are distinguishable because in those cases the references to the defendants' failure to testify were *direct* and *certain,* situations far different than that here present. Compare *State v. Hutchinson,* 458 S.W.2d 553, 555[3] (Mo. banc 1970).

Note the testimony of appellant's brother, Allan Lee Masoner, offered on appellant's behalf, who, although asked on cross-examination to explain various rings which the arresting officer found around him (and appellant) was unable to do so. Note also that the court gave Instruction No. 5, that "Under the law, a defendant has the right

not to testify. No presumption of guilt may be raised and no inference of any kind may be raised from the fact that the defendant did not testify." [MAI–CR 3.76.]

The judgment is affirmed.

All concur.