**STATE of Missouri, Respondent,**

v.

**Horace A. BUTLER, Appellant.**

**No. 41470.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 24, 1980.

John J. Allan, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals from a conviction of burglary in the second degree by a jury. He was sentenced by the court under the Second Offender Act to serve a term of seven years in the Department of Corrections.

The burglary occurred at No. 27 Maryland Plaza in the City of St. Louis on April 28, 1978. The initial break-in was discovered by Mr. Frank Hornback, a neighbor who had become suspicious of two men, one of whom was the defendant, walking in the alley behind Maryland. Mr. Hornback's brother called the police.

When the police arrived, they found the rear basement door was open, and a storm window was leaning up against it on the outside. An inside door leading to the first floor had been broken into, and certain items from the upper floors were lying near the open basement door. The police hypothesized that the persons who broke in would come back for these items, and so they replaced the storm window in front of

the basement door and closed the door to the point it had been closed, and two detectives remained in the basement. Later that evening, the defendant arrived, removed the storm window, pushed the basement door open, and entered the basement. He struck a match, looked around, put out the match and reached for the goods left by the door. He was then arrested.

Defendant raises two points on appeal, neither of which comply with Rule 30.06. We have however, examined both, and find that neither point has merit. His principal contention of error is that the prosecuting attorney in the final argument made remarks which constituted improper reference to defendant's failure to testify.

The only comment we find to which we believe he is referring, is as follows: "[I] think the evidence is clear and uncontroverted as to what happened." Under the law, this is neither a direct nor an indirect reference to the failure of the defendant to testify. *See State v. Morgan*, 444 S.W.2d 490 (Mo.1969).

Defendant's other point is that the court erred in unduly restricting cross examination of the executive director of the redevelopment corporation, which owned the premises, concerning conditions of the surrounding neighborhood and the authority of persons other than himself to grant permission to go on the premises. Defendant has not identified for us the allegedly erroneous rulings. The scope and extent of cross examination are matters for the discretion of the trial court and we will not interfere unless this discretion is abused. *State v. Roberson*, 548 S.W.2d 280, 283 (Mo. App.1977). We have examined the transcript in detail and find no improper rulings by the trial court.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.