**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Thomas MARTIN, Jr.,
Defendant-Appellant.**

No. 42775.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 3, 1981.

Timothy M. Gardner, Clayton, for defend-
ant-appellant.

John Ashcroft, Atty. Gen., Kristie Green,
Asst. Atty. Gen., Jefferson City, George R.

Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals from a jury verdict and conviction of burglary in the first degree. Finding defendant to be a persistent and dangerous offender, the trial court sentenced him to a prison term of fifteen years pursuant to § 558.016, RSMo 1978. On appeal defendant raises four points of alleged trial court error: (1) in compelling defendant to appear at trial in a jailhouse jumpsuit and in denying his request for a mistrial when the prosecutor referred to him in closing argument as a burglar; (2) in overruling defendant's motion for a mistrial on the ground that a witness for the state had conversed with a juror; (3) in refusing to submit an instruction on trespass in the first degree; and (4) in not declaring a mistrial on an alleged prosecutorial comment that defendant had not testified. We affirm.

Defendant does not dispute the sufficiency of the evidence. And, in fact, it is overwhelming for his guilt of the crime charged. Defendant was positively identified as having entered the victim's home, apparently by prying open a screen door. He forced one of the occupants to sit on a bed as he ransacked a desk and dresser drawers. As his victim escaped from the bedroom, defendant fled from the house chased by the owner, who notified police on his CB radio of the occurrence while his wife did the same from the home telephone. The owner closely followed defendant as he ran down the street, soon to be apprehended by passing police.

Defendant's first point of error concerns separate events. Defendant appeared for trial wearing his jail apparel—an orange jumpsuit. His trial counsel requested a court order for the state to provide defendant with suitable clothing as he had no other except those being worn when he was apprehended, which were to be used as identifying evidence against him.

Defendant's complaint that he was required to appear at trial in prison clothes is without merit. It is established that a prisoner cannot be compelled to appear in court in identifiable prison clothing. *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). In this case, however, there was neither compulsion by the court for defendant to don such attire, nor was his clothing clearly recognizable as prison garb. When the court denied defendant's request for alternate clothing, no street clothes were available, and there was no indication that they could be readily obtained so as not to unduly delay the trial. This was so even though defendant and his counsel had several months between arrest and trial in which to obtain suitable clothing to wear to trial. Also, the record fails to demonstrate that the jumpsuit worn by defendant would be identified by the jury as a prison uniform. There was no evidence that the jumpsuit was marked in any way, with a serial number or initials or an identification number. A defendant's appearance at trial in such unmarked prison-issued clothing does not constitute reversible error. *State v. Beal*, 602 S.W.2d 22, 24–25 (Mo.App.1980); *State v. Crump*, 589 S.W.2d 328, 330 (Mo.App.1979). And under the circumstances of this case, the trial court is not required to order different attire to be provided.

The defendant also asserts that the prosecutor in closing argument branded defendant as a burglar; that the cumulative effect of wearing the jumpsuit and appellation of burglar was sufficient basis for a mistrial as indication of prior record. The offending remark was thus: "[Prosecutor] We are lucky to have this evidence [the overwhelming evidence of guilt], and we will have a chance to convict a burglar in St. Louis County today."

Objection to the comment was sustained and the jury directed to disregard the remark. That was sufficient action by the court to offset any improper inference, if, indeed, the comment was improper. Ac-

knowledging that he was charged with burglary in the first degree, defendant contends that the prosecutor's remark was a "subtle suggestion of a prior burglary conviction," the damaging effect of which was enhanced by his prison attire.

■ There was no violation of the general rule prohibiting the introduction of evidence of other crimes. *State v. Howard*, 615 S.W.2d 498, 500 (Mo.App.1981). The jury readily could have inferred that the prosecutor called defendant a burglar because he was on trial for burglary, not because of possible prior burglary convictions. Further, the "mere mention of another offense is not per se prejudicial in the trial of a criminal case;" it is within the sound discretion of the trial court to determine the extent of jury prejudice resulting from evidence of defendant's other crimes. *State v. Lue*, 598 S.W.2d 133, 137 (Mo.banc 1980); *State v. Barnett*, 611 S.W.2d 339, 341 (Mo.App.1980). Declaring a mistrial is a drastic remedy, and doing so because of improper argument is also a matter for trial court discretion. *State v. Strubberg*, 616 S.W.2d 809, 818 (Mo.banc 1981); *State v. Ginnery*, 617 S.W.2d 117, 121 (Mo.App.1981). We find no abuse of the trial court's broad discretion in refusing to declare a mistrial in this instance.

Defendant's next point of error concerns the trial court's denial of his request for a mistrial because of an exchange between a witness and a juror. It was the subject of prompt disclosure by the prosecution and thorough consideration by the trial court. The incident occurred during a noon recess immediately following testimony by a state's witness, a policeman who assisted in the arrest of defendant and investigation of the case. A juror approached the witness and initiated a brief conversation about a mutual acquaintance, unconnected with the case.

■ When a juror engages in an unpermitted communication, the burden is on the state to show the juror was not subjected to an improper influence. *State v. Mullen*, 528 S.W.2d 517, 520 (Mo.App.1975). The state has met its burden here. The colloquy, while improper, was casual, brief and totally unrelated to anything associated with the trial. There was no prejudice to the defendant. The trial court did not abuse its broad discretion in refusing to proclaim a mistrial because of this innocent encounter. *State v. Eaton*, 504 S.W.2d 12, 22 (Mo.1973); *State v. Friend*, 607 S.W.2d 902, 904 (Mo.App.1980).

Defendant next contends that the trial court erred in not submitting his proposed instruction on trespass in the first degree, which he maintains is a lesser or included offense of first degree burglary, the charged offense.

We agree that first degree trespass, § 569.140, RSMo 1978 is a lesser or included offense of first degree burglary, § 569.160, RSMo 1978. The "statutory elements test," used to determine whether an offense is a lesser or included offense, resulted in the conclusion that trespass in the first degree (§ 569.140, RSMo 1978) is a lesser or included offense of burglary in the second degree (§ 569.170, RSMo 1978). *State v. Neighbors*, 613 S.W.2d 143, 146–47 (Mo.App.1980). Since second degree burglary is a lesser or included offense of first degree burglary,[1] it follows that first degree trespass is a lesser or included offense of first degree burglary.

---

1. First degree burglary, § 569.160, RSMo 1978, includes all the elements of second degree burglary, § 569.170, RSMo 1978, and second degree burglary includes no elements not included in first degree burglary. Common elements of each offense are: (1) knowingly entering unlawfully or knowingly remaining unlawfully (2) in a building or inhabitable structure (3) for the purpose of committing a crime therein. Additionally, first degree burglary requires that (4) while entering or remaining in the building or inhabitable structure or in immediate flight therefrom, (5) the accused or another participant in the crime (a) is armed with explosives or a deadly weapon; or (b) causes or threatens immediate physical injury to any person who is not a participant in the crime; or (c) there is present in the structure another person who is not a participant in the crime. Hence, according to the statutory elements test, burglary in the second degree is clearly a lesser or included

■ But the trial court did not err in not instructing the jury on trespass in the first degree. Error occurs on failing to instruct on a lesser or included offense that is supported by the evidence. *State v. Smith*, 592 S.W.2d 165 (Mo.banc 1979); *State v. Heitman*, 613 S.W.2d 902, 905 (Mo. App.1981). When there is strong and substantial proof of defendant's guilt of the offense charged, however, and the evidence does not reveal a lack of an essential element of this more serious offense, an instruction on the lesser or included offense is unnecessary. *State v. Hill*, 614 S.W.2d 744, 749 (Mo.App.1981); *State v. Harris*, 598 S.W.2d 200, 203 (Mo.App.1980); *State v. Laususe*, 588 S.W.2d 719, 721 (Mo.App. 1979); *State v. Pride*, 567 S.W.2d 426, 431 (Mo.App.1978); § 556.046.2, RSMo 1978.

There was strong substantial proof that defendant was guilty of burglary in the first degree. There was absolutely no evidence to contradict the reasonable inference that he entered a residence for the purpose of committing the crime of stealing. The victim testified that defendant announced his ostensible purpose was rent collection. That purpose is inconsistent with defendant's subsequent conduct—ransacking drawers and preventing the victim from seeking her daughter or son-in-law—and with other evidence that the occupants owned their home, making no payments on it in the past five or six years. As the evidence shows no arguable absence of an element of burglary in the first degree (*see* note 1, *supra*), an instruction on a lesser or included offense was not required.

The final contention is that the trial court erred in not declaring a mistrial after the prosecutor allegedly referred to defendant's failure to testify. The reference occurred as part of a hearsay objection made by the prosecutor to defense counsel's cross-examination of a police officer. The transcript reads as follows:

Q [by defendant's counsel]: . . . Thomas Martin told you he lived on Springdale, didn't he?

offense of burglary in the first degree. *State v.*

MS. MULLEN: I object to the form of the question; again it was hearsay.

THE COURT: I'll sustain it as to the form.

\* \* \* \* \* \*

Q You filled out a police report, didn't you?

A Correct.

Q And on that you recorded Thomas Martin's name and address, didn't you?

A Yes, sir.

Q And that was on Springdale, wasn't it?

MS. MULLEN: Your Honor, I'd like to object at this time. The defendant is attempting to testify without taking the stand.

\* \* \* \* \* \*

**PROCEEDINGS OUTSIDE HEARING OF JURY**

MR. GARDNER: Your Honor, I believe the prosecutor has just commented on the right to remain silent, and I request a mistrial.

THE COURT: I understand. I am going to deny the request for a mistrial. I am going to instruct the jury to disregard the last statement of the prosecutor and have it stricken from the record.

**PROCEEDINGS WITHIN HEARING OF JURY**

THE COURT: The last statement of the prosecutor will be stricken from the record and the jury will disregard it.

■ Comment by the prosecution on the accused's failure to testify is forbidden by the fifth amendment of the United States Constitution; the Missouri Constitution, Article I, § 19; § 546.270, RSMo 1978; Rule 27.05. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *State v. Neighbors*, 613 S.W.2d at 146–47.

*Brueckner*, 617 S.W.2d 405, 409 (Mo.App. 1981). The test of whether the prosecutor impermissibly commented on defendant's silence is whether the jury's attention was called to the fact that the defendant failed to testify. A direct, unambiguous and unequivocal prosecutorial reference to defendant's failure to take the stand constitutes reversible error. *State v. Frankoviglia*, 514 S.W.2d 536, 539–41 (Mo.1974); *State v. McCall*, 602 S.W.2d 702, 705–06 (Mo.App. 1980); *State v. Johnson*, 566 S.W.2d 510, 514 (Mo.App.1978). When the prosecutor's remarks are not direct and certain references to the absence of testimony by defendant, the reviewing court must consider the context in which the statement appears and will not interfere unless the record reveals an abuse of trial court discretion to the prejudice of defendant. *State v. Rothaus*, 530 S.W.2d 235, 237 (Mo.banc 1975); *State v. Brueckner*, 617 S.W.2d at 410; *State v. Sanford*, 605 S.W.2d 219, 222 (Mo. App.1980); *Eichelberger v. State*, 524 S.W.2d 890, 894 (Mo.App.1975). A potentially prejudicial comment may be rendered harmless by prompt trial court action sustaining defendant's objection and instructing the jury to disregard the offensive remark. *State v. Rothaus*, 530 S.W.2d at 238; *State v. Brueckner*, 617 S.W.2d at 410; *State v. Masoner*, 525 S.W.2d 441 (Mo.App. 1975).

The prosecutor tread on perilous ground by phrasing her objection in the indicated manner, using such crucial words as "defendant" and "testify." *Eichelberger v. State*, 524 S.W.2d at 894. But, at most, her remarks constituted only an indirect comment on defendant's failure to testify. The prosecutor made the statement in the context of elucidating a hearsay objection directed to the court, not to the jury. The trial court promptly sustained defense counsel's objection to the comment and instructed the jury to disregard it, thereby removing any possible prejudice. We find no abuse of the trial court's discretion in its evaluation of the prejudicial impact of the prosecutorial comment and its denial of defendant's request for a mistrial.

Judgment affirmed.

DOWD, P. J., and SIMON, J., concur.