**STATE of Missouri, Plaintiff-Respondent,**

v.

**Edward H. BURKS, Defendant-Appellant.**

### No. 12042.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 1981.

Motion for Rehearing Overruled and for Transfer to Supreme Court Denied Dec. 18, 1981.

Application to Transfer Denied Jan. 18, 1982.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David H. Jones, Fielder, Jones & Conklin, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was convicted of stealing, third offense, § 570.040, RSMo 1978, and sentenced as a persistent offender, § 558.-016, RSMo 1978, to seven years imprisonment.

■ Defendant was charged with stealing a coat from a retail store. He and a companion were in the store during its business hours and defendant was seen putting on a leather coat that the store had for sale. They then left the store together, with defendant still wearing the coat and apparently not paying for it. Defendant contends that the trial court erred in overruling his objection and motion for mistrial after the prosecutor stated to the jury in his initial closing argument "There's no evidence to show that he did pay." Defendant claims that this comment was a reference to his failure to testify and a violation of his right to remain silent.

■ Argument by a prosecutor which does not contain direct and certain references to the failure of an accused to testify does not constitute reversible error. *State v. Rothaus*, 530 S.W.2d 235, 237 (Mo. banc 1975); *State v. Frankoviglia*, 514 S.W.2d 536, 541 (Mo.1974); *State v. Johnson*, 566 S.W.2d 510, 514 (Mo.App.1978). The prohibition in § 546.270, RSMo 1978 and Criminal Rule 27.05(a) is against commenting that the accused did not testify, not that the defendant failed to offer any evidence. *State v. Morgan*, 444 S.W.2d 490, 493 (Mo. 1969); *State v. Hamilton*, 612 S.W.2d 141, 145 (Mo.App.1980).

Saying that the evidence "is clear and uncontroverted as to what happened" is neither a direct nor indirect reference to the failure of a defendant to testify. *State v. Butler*, 601 S.W.2d 659, 660 (Mo.App.1980). Nor are statements that "There is no evidence to the contrary" and "You have been presented with no evidence inconsistent with that." *State v. Mandina*, 602 S.W.2d 207, 208–209 (Mo.App.1980).

This was not a situation where only defendant could have presented evidence that he paid for the coat. See *State v. Hampton*, 430 S.W.2d 160, 163 (Mo.1968). As the trial judge mentioned in overruling the objection and denying request for mistrial, there was evidence that defendant was with a companion who might have been able to testify that the coat was paid for, or there could have been evidence of payment in possession of employees of the store or knowledge by one or more of them that payment was made. The comment of the prosecutor was not a direct reference to the failure of defendant to testify but was a permissible comment upon the evidence presented.

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.