**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Jack L. DICK, Defendant-Appellant.**

No. 12405.

Missouri Court of Appeals,
Southern District,
Division One.

July 8, 1982.

**426**

John D. Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Stephen P. Seigel, P. C., Springfield, for defendant-appellant.

TITUS, Judge.

A two-count information filed in the Circuit Court of Greene County charged defendant with having committed the class C felonies of (1) stealing and (2) receiving stolen property as respectively denounced in §§ 570.030 and 570.080 [1]. A jury found defendant not guilty of stealing but guilty of receiving stolen property and fixed punishment at imprisonment in the county jail for one year "plus Fine by court." §§ 558.011 and 560.011. The court sentenced defendant to imprisonment in the county jail for one year and ordered him to pay a $1,000 fine. Defendant appealed.

The gist of the charge for which defendant was convicted was that he received property taken from Race Brothers Farm Supply, Inc., knowing it had been stolen. By the court's instruction to the jury, the involved property was limited to "one squeeze chute."

1. Statutory references are to RSMo 1978.

In his first point relied on, defendant asserts the trial court erred in not sustaining his motions for judgment of acquittal made at the close of the state's case and at the close of all the evidence for the following reasons: (1) there was no evidence that Race Brothers, a corporation, owned the cattle squeeze chute in question or that the property was stolen from it as charged because, when testifying, the president of the involved "private corporation" referred to it as "my chute" and the state, in its questions to the president, asked concerning "your squeeze chute"; (2) the testimony of Teddy Eugene Adams, a state's witness, was not believable as he, a former employee of the corporation who actually stole the chute, admittedly used drugs, alcohol and had been a hospital mental patient; (3) the evidence was insufficient to prove defendant's possession of the allegedly stolen squeeze chute; and (4) as the information did not specifically name items of stolen equipment supposedly received by defendant, it was error for the trial court during jury instructions to refer specifically to the squeeze chute.

 Initially we note that when defendant, after the state rested, offered evidence on his own behalf, he waived any claim of error as to his motion for acquittal made at the close of the state's case. *State v. Marshall*, 571 S.W.2d 768, 773[13] (Mo. App.1978). As to the claim concerning the exact ownership of the chute, albeit the testimony of the president did not pinpoint the ownership in the corporation, the testimony of Adams was sufficient to show the chute belonged to his former employer, Race Brothers Farm Supply, Inc. Furthermore if defendant did, in fact, receive property knowing that it had been stolen, proof of defendant's guilt of the crime charged did not depend upon whether the owner of the chute was a corporation, a partnership or an individual as this was not material to defendant's defense or to the establishment of his guilt. *State v. Drake*, 514 S.W.2d 653, 657[8] (Mo.App.1974). As to the believability of Adams, the credibility and weight of his testimony was for the jury to determine and it had leave to believe all, part or none of his testimony. *State v. Jackson*, 608 S.W.2d 420, 421[1] (Mo.1980). Determination of the credibility of an accomplice as a state's witness is for the jury [*State v. Light*, 563 S.W.2d 782, 784[3] (Mo.App. 1978)] and a defendant may be convicted upon the uncorroborated testimony of an accomplice [*State v. Lang*, 515 S.W.2d 507, 509[1] (Mo.1974)] unless, as not shown here, that testimony was so lacking in probative force as to preclude it from constituting substantial evidence. *State v. Summers*, 506 S.W.2d 67, 70–71[5] (Mo.App.1974). As to defendant's claim the evidence did not prove his possession of the chute, Adams testified that while he was still employed by Race Brothers, defendant told him he wanted a squeeze chute. Thereafter, Adams recounted, he put such a chute on a wheel kit and, more or less, left it for taking from his employer's premises. Subsequently, Adams testified, defendant told him the chute on wheels had been taken by one Masterson who gave it to defendant. Defendant, as the witness recalled, stated he had the chute repainted and concealed it on a farm where it was later found by the authorities. In our opinion, this testimony was enough to permit the jury's obvious finding that defendant had possession of the chute. The information charged defendant with receiving stolen property consisting of "equipment and implements." At trial there was evidence concerning stolen equipment and implements other than the squeeze chute. Nevertheless, upon considering defendant's motion for judgment of acquittal at the close of all the evidence, the court ruled the state had made a submissible case only as to defendant's receipt of the stolen squeeze chute. Accordingly, in its instruction to the jury, the court limited the jury to finding whether or not defendant had received the chute knowing it was stolen. To have done otherwise would have given the jury carte blanche to declare defendant guilty of receiving equipment and implements mentioned in evidence for which there was no proper showing of defendant's possession thereof. We deny defendant's first point.

During recross examination of state's witness Adams, defendant's counsel offered three of defendant's exhibits into evidence. The state objected because "There's no evidence that establishes anything in regard to these exhibits. And I think maybe when the defendant wants to testify, it would be a good time to enter them into evidence, but, right now there is nothing—all we have is receipts and loading tickets and nothing else." Following further colloquy between court and counsel as to the then admissibility of the exhibits, defendant's lawyer moved for a mistrial because the quoted objection of the prosecutor constituted a comment "on the failure of the defendant to testify if he does not testify." The court stated that if defendant does "testify of his own volition, then I would think that the state's comment is harmless. [However, if defendant] chooses not to testify and rests his case without testifying, at that point, I will reentertain your motion . . . ." Defendant testified extensively. His testimony covers some 48 pages of the transcript. Inter alia, defendant testified he had never been convicted of a crime. The court's failure to declare a mistrial at the time of defendant's motion therefor is now asserted by defendant to constitute reversible error.

■■■ Comments by the state on an accused's failure to testify is forbidden by the fifth amendment of the United States Constitution and Art. 1, § 19 of the Missouri Constitution. Nevertheless, for the comment to constitute reversible error, it must be a direct, unambiguous prosecutorial reference to defendant's failure to take the stand. *State v. Martin*, 624 S.W.2d 879, 884[13] (Mo.App.1981). In determining an allegation anent an improper comment on defendant's right to remain silent, an appellate court must view the challenged comment in the context in which it appears. The evaluation of the prejudicial impact of a particular statement is a matter resting within the sound discretion of the trial court and, absent an abuse of discretion, the court nisi's ruling will not be disturbed on appeal. *State v. Bufalo*, 562 S.W.2d 114, 118[6] (Mo.App.1977). We find no abuse of

discretion here. As observed, the defendant had no criminal convictions and did, in fact, testify, which would be a normal expectation under the circumstances. The remark objected to was not made to the jury. Rather it was directed to the court in the form of an objection to proffered exhibits, coupled with an observation the exhibits would be admissible if properly identified "when the defendant wants to testify." Considering the context in which the prosecutor's comment within the objection was made, we conclude the remark was clearly not a direct nor indirect reference to defendant's failure to testify. Thus the trial court did not err in denying defendant's motion for a mistrial. *State v. Brueckner*, 617 S.W.2d 405, 410[7] (Mo.App.1981). Defendant's second point is denied.

■■■ In another point relied on defendant claims his conviction should be reversed because the jury's verdict was against the weight of the evidence. The weight of the evidence in a jury-tried case is not a matter reviewable on appeal [*State v. Brooks*, 567 S.W.2d 348, 353[11] (Mo.App.1978)] but rather is an issue for trial court determination in ruling on the motion for new trial. *State v. Parker*, 543 S.W.2d 236, 240[9] (Mo.App.1976).

■■■ Count II of the information herein charged that defendant "with the purpose to deprive the owner of a quantity of equipment and implements, received such property . . . knowing that it had been stolen." Defendant now says this constituted reversible error because the information did not aver the specific items of stolen property, i.e., "equipment and implements", which defendant allegedly received. As permitted by Rule 23.04, V.A.M.R., defendant did not move the trial court for a bill of particulars requiring the state to denominate the specific items of stolen "equipment and implements" allegedly received by defendant. In the absence of such a motion, we have leave to assume defendant was satisfied the information completely informed him of the facts and particulars of the offense [*State v. Davis*, 624 S.W.2d 72, 76–77[5] (Mo.App.

1981)] because if he had desired further itemization he should have filed a bill of particulars as required by the rule. *State v. Rose*, 428 S.W.2d 737, 742[8] (Mo.1968).

Instruction No. 11 is the hub of defendant's final point relied on. It is a combination of MAI–CR2d 2.10[2] and 24.10. In part, the instruction reads as follows:

"As to Count II, if you find and believe from the evidence beyond a reasonable doubt: First, ... certain persons with the aid of the defendant ... committed the offense of receiving stolen property by engaging in the conduct described in paragraphs third, fourth, fifth, sixth, and seventh of this instruction, and Second, that the defendant ... either before or during the commission of the offense of receiving stolen property, with the purpose of promoting its commission, aided such other persons in committing the offense of receiving stolen property as described in paragraphs third, fourth, fifth, sixth, and seventh of this instruction, and Third, that ... the defendant ..., with the aid of certain persons, retained one squeeze chute, and Fourth, that the property was that of another and had been stolen, and Fifth, that at the time defendant, with the aid of certain persons, retained this property, he knew or believed it had been stolen, and Sixth, that the defendant, with the aid of certain persons, retained the property for the purpose of using or disposing of it in such a way that made recovery by the owner unlikely and, Seventh, that the property had a value of at least one hundred and fifty dollars, then you will find the defendant guilty under Count II of receiving stolen property...."

██ Defendant's contention that Instruction No. 11 was an impermissible deviation from MAI–CR2d 24.10 because the first numbered paragraph thereof does not describe the received stolen property, ignores that the instruction consisted of a wedding of MAI–CR2d 2.10 and 2.12 with MAI–CR2d 24.10. Under MAI–CR2d 2.12

the first two paragraphs thereof, as the first two paragraphs of Instruction No. 11, concern themselves with certain persons aided by defendant and defendant, with the purpose of promoting the offense, aiding such other persons. Because of the combining of the different patterned criminal instructions, there was no error in the given instruction in which the third paragraph thereof describes the property as a squeeze chute because this was, in reality, the start of MAI–CR2d 24.10 and the first paragraph thereof. Also, it seems incongruous, as noted in our discussion of defendant's first point relied on, supra, for him to there complain because the instruction referred specifically to the squeeze chute when there was no reference thereto in the information and to now additionally complain because Instruction No. 11 failed to identify the stolen property as a squeeze chute in each paragraph of the instruction. Moreover, MAI–CR2d 24.10 mandates a description of the stolen property in only the first paragraph thereof, not in each paragraph of the instruction as claimed by defendant. This court, and indeed the trial court, is powerless to declare erroneous a pattern criminal instruction adopted by the Supreme Court in MAI–CR2d. *State v. Washington*, 570 S.W.2d 838, 843[13] (Mo.App.1978) and cases there cited. The first two paragraphs of Instruction No. 11 correctly stated the law concerning defendant's responsibility for the conduct of another. § 562.041. Those paragraphs were mandated by MAI–CR2d 2.10 and 2.12 as there was evidence that defendant acted with Adams and Masterson in receiving the stolen chute. We are of the opinion Instruction No. 11 based on the already noted MAI–CR2d instructions properly informed the jury on receiving stolen property where there was evidence that he acted with others. The defendant's point relied on as it relates to Instruction No. 11 is denied.

Judgment affirmed.

GREENE, P. J., and FLANIGAN, J., concur.

---

**2.** After the trial herein MAI–CR2d 2.10 and 2.12 were withdrawn by order of the Supreme Court. However, effective February 16, 1982, the order of withdrawal was rescinded. Journal of Missouri Bar No. 3, pp. 211–212 (April-May 1982).