**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Theodis CHUNN, Defendant-Appellant.**

No. 43859.

Missouri Court of Appeals,
Eastern District,
Division One.

July 19, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
Aug. 29, 1983.

Application to Transfer Denied
Oct. 18, 1983.

Frank A. Anzalone, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant Theodis Chunn appeals from a jury conviction of stealing over $150. Defendant raises two points on appeal: (1) that a mistrial should have been granted when the prosecutor commented on defendant's failure to testify; (2) that in final argument the prosecutor argued facts outside the scope of the evidence. As we believe the defendant was prejudiced by the prosecutor's actions, we reverse and remand for a new trial.

Defendant does not dispute the sufficiency of the evidence. A burglar alarm went off in the front office of the Airport Hilton Inn indicating that the television set in Room 705 had been disconnected. The police were called. When two police officers arrived at the Inn, approximately one minute after the alarm went off, a 1965 Chevrolet attempted to cross their path. The officers directed a spot light at the car and then approached it. The police officers observed a television set covered by shag carpeting in the back seat of the car. Defendant, driver of the car, was arrested. The officers seized a pair of gloves and a tire tool from the floor of the car. Defendant was charged with two counts. The jury convicted him as to Count II, stealing over $150 but could not reach a verdict on Count

I, burglary. Defendant was sentenced to two years in the Missouri Division of Corrections.

During the second phase of the closing argument the prosecutor made the following statement:

> Why do you think they carry these with them, as ornaments, why were these found in the car right next to the tire tool. After they broke in and got the television, they dumped the tire tool and dumped the gloves right in the car. Another exhibit, State's Exhibit No. 19, shows the exact location of the tire tool and gloves. How can you ... *the defendant, explain* a tire tool in the car. (emphasis added)

Defendant objected and requested a mistrial. The trial court denied defendant's request for a mistrial, but at defendant's further request told the jury that "a defendant is not required to testify or explain and to avoid any possible confusion about what was last said by [the prosecutor], I am going to ask you to disregard any reference, hinting an explanation about the tire tool." In addition, Instruction Number 5 (MAI-CR 3.76) informed the jury that "under the law, a defendant has the right not to testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify."

■ The Fifth Amendment to the United States Constitution, Article I, Section 19 of the Missouri Constitution, § 546.-270 RSMo 1978 and Rule 27.05 grant criminal defendants the right not to testify and forbid comments by others on defendants' failure to testify. *See Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) and *State v. Arnold,* 628 S.W.2d 665,

668 (Mo.1982). Both direct and indirect references to defendants' failure to testify are forbidden.[1] *Eichelberger v. State,* 524 S.W.2d 890, 894 (Mo.App.1975). Direct references utilize the words "defendant," "accused" and "testify." *State v. McNeal,* 517 S.W.2d 187, 188 (Mo.App.1974). Indirect references cause the jury to infer that the challenged remark was a comment on the accused's failure to testify. *State v. Reed,* 583 S.W.2d 531, 534 (Mo.App.1979).

■ The prosecutor's comment, "How can you ... *the defendant, explain* a tire tool in the car," (emphasis added) is a direct reference to the defendant's failure to testify. The word defendant is specifically used. As the statement was made during final closing argument there was no way defendant or his attorney could offer an explanation. Even though the statement may have been a rhetorical question, we believe the prosecutor's challenge was a direct reference to defendant's failure to testify at trial. As such, the statement violates defendant's rights and requires a new trial. *State v. McNeal,* 517 S.W.2d 187, 188 (Mo.App.1974).

■ The trial court's statement to the jury and the jury instruction to disregard the prosecutor's statement was not a sufficient remedy for the harm that resulted from the direct reference to defendant's failure to testify. *State v. Shuls,* 329 Mo. 245, 44 S.W.2d 94, 96 (1931). Instructions to juries to disregard prosecutor's statements have sometimes remedied the violation of defendant's rights. Where remedial instructions have cured the error the statement was not a direct reference to the defendant's failure to testify,[2] the statement was directed to the judge and not to

---

1. The "direct and certain reference" test was discussed in *State v. Hutchinson,* 458 S.W.2d 553, 555 (Mo. banc 1970). Violation of this test mandates a new trial. The "indirect reference test" makes the conviction "voidable." A new trial is required only when the reference clearly draws the jury's attention to the defendant's failure to testify. *State v. Cockrum,* 592 S.W.2d 300, 302 (Mo.App.1979).

2. *See e.g., State v. Rothaus,* 530 S.W.2d 235 (Mo. banc 1975); *State v. Sechrest,* 485 S.W.2d 96, 98 (Mo.1972); *State v. Dick,* 636 S.W.2d 425, 428 (Mo.App.1982); *State v. Burks,* 629 S.W.2d 535, 536 (Mo.App.1981); *State v. Martin,* 624 S.W.2d 879 (Mo.App.1981); *State v. Brueckner,* 617 S.W.2d 405 (Mo.App.1981); *State v. Hodges,* 586 S.W.2d 420, 424 (Mo.App. 1979); *State v. Masoner,* 525 S.W.2d 441, 442 (Mo.App.1975).

the jury,[3] the statement was not made during closing argument,[4] or someone other than the defendant could testify to provide the information to which the prosecutor referred.[5] In the case at bar the prosecutor's statement was a direct reference to the defendant's failure to testify, was directed to the jury, was made during closing argument, no one other than the defendant could answer the prosecutor's question and the statement was prejudicial to the accused as it violated a constitutional right. The court's direction to the jury to ignore the prosecutor's statement and instruction number five were not sufficient to remedy the harm resulting from the prosecutor's statement.

■ In a close case errors resulting from prosecutor's statements warrant reversal. *State v. Reed*, 583 S.W.2d 531, 535 (Mo.App. 1979). This was a close case. The jury deliberated for approximately seven hours and reached a verdict on only one of the two counts. We cannot conclude that the direct reference did not affect the jury's deliberations even though the jurors were told to ignore the prosecutor's statement and were instructed that defendant was not required to testify. Nor can we permit prosecutors to place defendants who have the constitutional right not to testify, in a position where they risk conviction if they do not explain apparently incriminating circumstances.

Defendant's second point also refers to the prosecutor's statements during closing argument. After the police seized the tire tool, tool mark analysis tests were not performed on it or on the marks on the hotel room door to determine whether the tire tool was used to make entry. The prosecutor attempted to excuse the absence of tests to connect the tire tool to the crime by

arguing: "here, they [the police] were disinclined to run expensive complicated time consuming tests because they had the guy at the scene." The defense objected that there was no evidence that running the test was either expensive, complicated or time consuming. The trial court refused to pursue this line of argument.[6] Defendant's motion for a mistrial was overruled.

■ The record does not include defendant's closing argument. Without this part of the transcript it is impossible to ascertain if the prosecutor's statement about the tests was in retaliation to defendant's remarks or introducing a new topic. Although prosecutors can make comments in retaliation to defendant's arguments even if the comments would otherwise be improper, *State v. Wood*, 596 S.W.2d 394, 403 (Mo. banc 1980) *cert. denied*, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980); *State v. Dade*, 629 S.W.2d 418, 420 (Mo.App.1981); they cannot argue matters not in evidence. *State v. Cuckovich*, 485 S.W.2d 16, 27 (Mo. banc 1972). In cross-examination defendant's attorney asked a police detective about tool mark analysis tests for the tire tool and part of the hotel room door. The police detective testified that the tests were not undertaken because they had not been requested. There is no evidence on the cost, complexity or time needed to perform the tests.

■ Failure to sustain objections to arguments outside of the evidence is prejudicial error. *State v. Blockton*, 526 S.W.2d 915, 917 (Mo.App.1975). When the objections to the prosecutor's statements are improperly overruled and no corrective measures are taken a new trial should be granted. *State v. Montgomery*, 363 Mo. 459, 251

---

3. *See e.g., State v. Dick*, 636 S.W.2d 425, 428 (Mo.App.1982).

4. *See e.g., State v. Dick*, 636 S.W.2d 425, 428 (Mo.App.1982); *State v. Martin*, 624 S.W.2d 879 (Mo.App.1981); *State v. Brueckner*, 617 S.W.2d 405 (Mo.App.1981).

5. *See e.g., State v. Arnold*, 628 S.W.2d 665 (Mo.1982); *State v. Sechrest*, 485 S.W.2d 96

(Mo.1972); *Eichelberger v. State*, 524 S.W.2d 890 (Mo.App.1975).

6. In response to defendant's statement that "there is no evidence these tests are expensive," the court stated "I wouldn't pursue it." It is unclear what the court intended by this remark.

S.W.2d 654, 658 (1952); *State v. Blockton,* 526 S.W.2d 915, 917 (Mo.App.1975). Here the court erroneously overruled the defendant's motion for a mistrial and made no corrective statements to the jury.

 A prosecuting attorney's primary duty is to insure that a defendant is given a fair trial. *State v. Tiedt,* 357 Mo. 115, 206 S.W.2d 524, 526–27 (banc 1947); *State v. Patton,* 599 S.W.2d 929, 939 (Mo. App.1979). In performing this duty the prosecutor must not argue or comment on defendant's failure to testify. To do so violates the defendant's constitutional right not to testify.

 The two prejudicial statements here are related. On the one hand, the state refers to defendant's failure to explain the presence of a tire tool. On the other hand, the state, having the burden of proof, did not perform the tests that may have proved the tire tool was a part of the crime or the reverse. The state asked the defendant to explain the presence of a tool that was never proved to be connected to the crime. The state's comment on defendant's failure to testify violated his constitutional rights and improperly placed the burden of proof on the defendant. The prosecutor's statement that the tests were expensive and time consuming was improper because it referred to facts not in evidence.

We reverse and remand.

SIMON, P.J., and STEPHAN, J., concur.