**STATE of Missouri, Respondent,**

v.

**Nolan JACKSON, Appellant.**

**No. 46160.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 27, 1983.

Lee T. Lawless, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Armed tavern robbery. The jury found defendant Nolan Jackson guilty on four counts of first degree robbery and two of attempted robbery. The trial court sentenced him as a prior offender to concurrent terms of life imprisonment and twenty-five years.

The state's evidence: Late at night defendant and another entered a tavern, drew pistols, ordered the six customers to lie on the floor, robbed four of them of money and jewelry, fired a warning shot and escaped in a waiting car. Two victims followed and gave police a description and license number of the robbers' car. Within minutes police stopped and arrested defendant and the other two and seized the robbery loot. Defendant was identified by three robbery victims. Defendant did not testify.

Defendant makes four challenges to his conviction. First that the court should have granted a mistrial when defense counsel in voir dire mistakenly told the jury defendant would testify. Second, the court erred in making the voir dire comments "Gentlemen don't pull weapons on ladies," and telling the panel defendant would not be told their addresses. Third, the court erred in ruling the two accomplices need not testify they having pled the Fifth Amendment. Fourth, that the court erred by allowing the prosecutor in closing argument to comment there was no evidence as to how defendant got into the escaping car in which he was arrested.

As to defense counsel's voir dire comment about defendant testifying, the record shows:

"Now the court—I assume that the court will instruct you that the defendant is under no obligation to put on any evidence, nor is he under any obligation to testify. But in this case Mr. Jackson is going to take the witness stand and when he does so, you're going to find out..."

Then out of the jurors' hearing defendant told his counsel he did not intend to testify. The record does not show defense counsel had previously been informed of defendant's decision. Defendant now argues this comment entitled him to a mistrial.

The court gave instruction MAI–CR2d, 3.76 telling the jury no inference could be drawn from the fact defendant did not testify. Thus, no error appears when coupled with the principle that error must be based on direct and certain failure of defendant to testify. See *State v. Burks,* 629 S.W.2d 535[2] (Mo.App.1981).

We deny defendant's initial point and consider his claim of error in the court's comments during voir dire. First, venireman Ms. Stark told of having been robbed at gun-point "by a gentleman". Gratuitously the court commented "Gentlemen don't pull weapons on ladies." Further voir dire showed the incident would have no effect on her. We find no prejudice to this defendant.

The second sub-point arose when a prospective juror told of having received a letter from another defendant when she had sat in that jury trial. The court here then told the panel defendant would not be given their addresses.

In *State v. Puckett,* 611 S.W.2d 242[4] (Mo.App.1980) we denied reversal on comparable claims of trial court prejudice ruling:

"The trial court's remarks in this case did not indicate any attitude of hostility or bias against the defendant, or that the judge believed defendant was guilty of the crime charged."

So it is here.

■ Next, defendant claims trial error in not calling his two accomplices. They had refused to testify on the ground of self-incrimination. Confronted with defendant's request that the two men be called as witnesses the court appointed counsel to confer with them; he reported each intended to refuse to testify on Fifth Amendment grounds. The trial court acted properly. See *State v. Hustead,* 615 S.W.2d 556[1, 2] (Mo.App.1981).

■ By defendant's last point he claims error arising from an alibi witness saying defendant was not with the two accomplices at the precise time of the robbery, even though defendant was in the car with them when arrested within minutes later. Defendant now challenges the prosecutor's jury argument:

"And there has absolutely no explanation from the witness stand as to how the defendant got in the car. Absolutely none."

Defendant contends this was an improper comment on his failure to testify. Not so.

As in *State v. Hamilton,* 612 S.W.2d 141[6] (Mo.App.1980), the prosecutor's comments constituted "neither a direct or indirect reference to the failure of the defendant to testify, and hence were permissible."

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.