STATE of Missouri, Respondent,

v.

Jerry HUNTER, Appellant.

No. 47566.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 17, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Application to Transfer Denied
Oct. 9, 1984.

John Putzel, Joseph W. Downey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Appeal from a jury conviction for second degree burglary. Defendant was sentenced as persistent offender to a 15-year sentence. We affirm.

Early in the morning of October 25, 1982, defendant was arrested inside the Site Oil Company Service Station located on South Vandeventer Avenue. The safe and padlocks on two video games had been "burnt" open, apparently with an acetylene torch, and money and property removed from the station and placed in defendant's possession. At trial, defendant, who did not testify, only offered as evidence testimony of a criminalist to the effect scrapings of dirt off defendant's clothes did not contain dust and debris similar to that found at the scene. The witness admitted this did not prove defendant had not been present at the station.

Defendant's points relate to prosecutor's closing argument. He first claims there was a reference to defendant's failure to testify. After a discussion of the internal credibility of the testimony of two police officers, and after the prosecutor said the officers had no reason to lie, he stated "[t]he other aspect you've got to look at here is their testimony is uncontradicted by any evidence offered by the defendant." Defendant's objection on the ground this was a reference to his failure to testify was overruled.

■ The prosecutor may not refer, directly or indirectly, to the defendant's failure to testify, but he may characterize the evidence as uncontradicted. *State v. Chunn*, 657 S.W.2d 292, 294 (Mo.App. 1983). Even though the statement used the term "defendant," this was not a direct reference. *State v. Robinson*, 641 S.W.2d 423, 426[4] (Mo. banc 1982). Neither was it indirect. The statement referred to the weakness of whatever contradiction was provided by defendant's witness. It did not "cause the jury to infer that the challenged remark was a comment on the accused's failure to testify." *Chunn, supra,* 657 S.W.2d at 294. This point is denied.

Defendant's other point claims error in the trial court's failure to *sua sponte* declare a mistrial upon prosecutor's attempt to define reasonable doubt. The prosecutor stated:

> We're talking about reasonable doubt. If you think about reasonable doubt, reasonable doubt just means common sense, and in this particular case the common sense, the only common sense interpretation in view of what you've seen here is that he's guilty, that he burglarized these premises with or without the help of another person and was going to steal....
>
> If you use your common sense and don't get lost in a little bit of detail somewhere down the road that isn't an element of the crime, you won't have a problem here. The only appropriate verdict if you use your common sense and don't leave it outside of the Courtroom is a verdict of guilty as charged. Thank you.

Defendant, recognizing his failure to object preserved nothing for review, requests review for plain error under Rule 30.20.

■ The prosecutor's definition of reasonable doubt as common sense was improper. *State v. Williams*, 659 S.W.2d 778, 782 (Mo. banc 1983). However, no manifest injustice resulted. No objection was overruled; therefore, the improper definition did not receive the "imprimatur of the trial court." *Id.* The evidence was overwhelming, not sharply controverted.

*Id.* The erroneous definition did not result in manifest injustice, and was not plain error warranting reversal.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.