STATE of Missouri, Respondent,

v.

Eugene IRBY, Appellant.

No. 51608.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 9, 1987.

Daniel P. Reardon, Clayton, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

This is a direct appeal from convictions for robbery first degree, § 569.020 RSMo 1978 and a related charge of armed criminal action, § 571.015 RSMo 1978. The jury recommended and the Court imposed sentences of 30 years on the robbery charge and 20 years on the armed criminal action charge. The sentences are consecutive to each other.

Count I of the indictment alleged "the defendant, Eugene S. Irby and defendant Arthur J. Smith, in violation of § 569.020 RSMo committed the class 'A' felony of robbery in the first degree, punishable upon conviction under § 558.011.1(1), RSMo in that on the 15th day of August, 1985 in the City of St. Louis, State of Missouri, the defendant, Eugene S. Irby and defendant Arthur J. Smith, forcibly stole $11,000 in the possession of Tina Shelton, and in the course thereof Arthur Smith was armed with a deadly weapon." The testimony of Tina Shelton supported the indictment in all respects and included pretrial and in court positive identification of Irby and Smith. Irby drove the car which was used to force Shelton to pull over. Smith was a passenger. Smith went to Shelton's car and forced Shelton to produce the money. She was conveying the money from a store to a bank for deposit.

The defendant relied upon an alibi defense. He appeared at a tire service station to have tires changed on a vehicle some time between 8:15 and 9:30 a.m. on the day of the robbery. The state offered evidence from which the jury could find that he was at the Dobb's station, but departed no later than 9:45 a.m. The robbery occurred within five minutes of 10:30 a.m. some distance removed from the tire repair station. Defendant testified that he had the tires changed and went to the home of his friend, Deborah Ray, to deliver some medicine. Irby and Smith were arrested at Ray's home at approximately 11:00 a.m.

■ Defendant's first claim of error asserted by new counsel for purposes of appeal asserts that trial counsel was ineffective for failure to interview co-defendant Smith and for failure to request separate trials. Ordinarily such claims on direct appeal are not reviewed because there is an insufficient record and because there are no findings of fact by the trial court on the issue under the guidelines of Rule 27.26. There is no reason to apply an exception in the present case. We observe, however, that severance is a matter of trial court discretion whether or not requested by defense counsel. Also, Smith was a co-defendant whose responsibility for the crime charged remained to the conclusion of defendant's trial. The observations relate to the specific claims of ineffective assistance.

Defendant also claims three errors which are subject to review only under plain error rules. There was either no objection at trial on the matters argued or they were not preserved in the motion for new trial or both.

■ Ordinarily broad discretion rests with the trial court in controlling closing argument in criminal cases, with wide latitude afforded counsel in their summations. *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982), *rehearing denied,* 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982). A conviction will be reversed for improper argument only if it is established that the complained of comments had a decisive effect on the jury's determination, *State v. Newlon,* 627 S.W.2d at 616; *State v. Murphy,* 592 S.W.2d 727, 732–733 (Mo. banc 1979) or where the argument is plainly unwarranted. *State v. Armbruster,* 641 S.W.2d 763, 766 (Mo. 1982). Finally, we must consider whether or not the claims of error constitute a matter of "manifest injustice." Rule 29.12(b) and Rule 30.20. Our review is controlled by these Rules and decisions.

■ Defendant relied on the testimony of Deborah Ray to support an alibi. Dur-

ing the state's closing argument the prosecuting attorney directed his attention to the matter of her credibility. He first argued that the testimony of the victim was credible. In contrast he considered with the jury that $11,000 was taken in the robbery and only one-half thereof recovered from co-defendant Smith when he was arrested in the home of Deborah Ray. He then argued, "Whatever happened to the other half, we'll never know. *I submit* Deborah Ray took off with it flat out." Defendant claims that there was no evidence to support this argument. There was no direct evidence as to what happened to the missing money. However, the testimony of Deborah Ray was subject to attack. She gave conflicting testimony at trial when compared with her testimony before the grand jury. The automobile used in the robbery belonged to Deborah Ray and she either loaned it to her brother or to Smith. Her testimony at different times conflicted on this issue. Defendant and Deborah Ray were the parents of children together. Her motive to support defendant and his alibi was obvious.

We find no manifest injustice resulting from this argument for several reasons. First, the argument does not charge Deborah Ray with taking the money on the basis of evidence. What was argued was labeled as a speculation of the prosecuting attorney. It did not argue a matter of fact which the jury was required to find. Second, half of the money was found in the home of Deborah Ray. The police did not make a complete search of the home at the time of arrests. Within one hour after leaving her home the police discovered that only one-half of the stolen money was available and went back to the Deborah Ray home, but were unable to gain entry. On these facts there is a reasonable inference from the evidence that Deborah Ray had knowledge with regard to the disposition of the money. The argument was not plainly unwarranted because it was related to an attack on her credibility as defendant's alibi witness.

■ Defendant also claims that there was no evidence to support the following closing argument of the prosecuting attorney:

"But let's put him there [at Dobb's Tire] at 9:45 which was the latest Mr. Ramey said. This robbery happened thirty-five, forty minutes later and from Peabody you can drive out on 40 out Forest Park Expressway over to Union to where this happened later ten, outside fifteen minutes, just normal driving on Highway 40."

It is improper to argue facts not in evidence. *State v. Chunn,* 657 S.W.2d 292, 295 (Mo.App.1983). There was no evidence during the trial of driving time. However, there was no objection made to this argument and we find no manifest injustice resulted. The times mentioned were in evidence. Defendant may have been at Dobb's Tire as late as 9:45 a.m. and the robbery occurred approximately 10:30 a.m. The argument did not depend upon exact times and represented a statement not supported by the evidence that the driving time between the two locations would be ten to fifteen minutes. The failure of counsel to lodge an objection on any ground including lack of supporting evidence supports the conclusion that the argument was not based upon impossible or indefensible facts. Neither this argument nor the argument on the missing money alluded to any special knowledge of the prosecutor. We find no manifest injustice.

■ Finally, defendant claims that the argument of the prosecuting attorney attacking his defense of alibi justifies a new trial. In argument the prosecuting attorney characterized defendant's alibi as a "planned alibi." The prosecutor argued that the alibi was simply not substantial. The entire argument began by a claim that defendant was at Dobb's Tire between 8:20 and 8:45 a.m. The services his vehicle required involved a tire change. He would have been free to leave between 9:30 and 9:45 a.m. if the jury were to allow 30 minutes for a tire change. The robbery occurred at least 35 to 40 minutes later. The prosecutor then inserted the speculation of driving time to be 10 to 15 minutes. This argument was linked to an assertion that the robbers must have known something

about the habits or custom of the victim in depositing business receipts at the bank and in so doing would have a large amount of cash in her possession. The prosecutor also argued that defendant was on business for the St. Louis Housing Authority and that personnel at Dobb's Tire would render the necessary services expeditiously. Taken together this was an argument that the robbers were aware of the availability of the funds at approximately 10:30 in the morning; that defendant could have arranged to have services rendered to a vehicle belonging to the Housing Authority at a time when it may appear that he had a good alibi, but that the actual timing did not support the defense.

Here also, we review a matter not preserved by objection or in the motion for new trial. Most of the argument is supported by facts in evidence. There is a clear inference that the robbers were familiar with the habits of the victim and that the robbery itself was well planned. There is an indirect inference that the alibi was defective. The argument was not clearly unwarranted. *State v. Armbruster,* 641 S.W.2d 763, 766 (Mo.1982). It was a direct response to the theory of defense and defendant's closing argument. One additional comment is in order on the question of the driving time. Such speculation on the part of the prosecutor, even if not supported by evidence, was not of a character which indicated any private or special knowledge on the part of the prosecutor. It depended entirely on matters which may be publicly known and did not imply any special knowledge of evidence. *See, State v. Newlon,* 627 S.W.2d 606, 617 (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982) *rehearing denied* 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982). Even if objectionable such arguments will not support a plain error claim.

■ On the day of oral argument in the present case we permitted defendant to file a motion to remand for new trial. The motion was supported by an affidavit of defendant's appellate counsel and documents which include letters written by co-defendant Arthur Smith. This court affirmed Smith's conviction and denied a motion for rehearing or transfer. Subsequently, the Missouri Supreme Court denied an application to transfer on March 17, 1987. *State v. Smith,* 724 S.W.2d 703 (Mo. App.1987). The request is premised upon defendant's belief that Smith will now testify that defendant Irby was not involved in the criminal acts for which he stands convicted. Smith did not testify at trial and remained silent until after his direct appeal was finally and adversely determined. The stated grounds for remand are newly discovered evidence and for a proceeding in the interest in justice.

We are obligated to decline the relief requested. We are unable to find any legal authority to support approval of the motion. We expressly do not reach the merits of defendant's claim for relief. Rule 27.26 was adopted by the Supreme Court to provide a means to remedy any constitutional or jurisdictional infirmity and offers a prisoner relief from a sentence which exceeds what is authorized. It also reaches an attack on a judgment which "is otherwise subject to collateral attack." That rule directs that the motion to vacate, set aside, or correct the judgment be filed in the court which imposed sentence. Rule 27.26. This Rule is intended to provide the *"exclusive* procedure which shall be followed when a prisoner in custody seeks relief on the basis of any of the attacks on a sentence enumerated above." Rule 27.26(a). The Rule is comprehensive and "includes all relief heretofore available in any court by habaes corpus when used for the purpose of seeking to vacate, set aside or correct a sentence, plus relief not available by habeas corpus." Rule 27.26(a).

We now overrule defendant's motion for remand on a procedural basis only and affirm the conviction.

PUDLOWSKI, P.J., and CRANDALL, J., concur.