**Kerry BROOKS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54305.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 18, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 16, 1988.

Application to Transfer Denied
Dec. 13, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Presiding Judge.

We affirmed appellant's conviction of attempted robbery in the first degree in *State v. Brooks*, 694 S.W.2d 851 (Mo.App. 1985). He now seeks to vacate this conviction by Rule 27.26 motion alleging ineffective assistance of counsel. The trial court denied this motion after an evidentiary hearing. We affirm.

As delineated in *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) our review of the ruling on a 27.26 motion is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous" and we must affirm in the absence of a "definite and firm impression that a mistake has been made."

As grounds for reversal appellant asserts two allegations of ineffective assistance of counsel his retained attorney, the late James Bell: 1) failed to investigate and discover evidence relating to defendant's character, and 2) failed to object to a comment by the prosecutor concerning defendant's failure to testify.

█ The second point is asserted for the first time on appeal. It is not mentioned in appellant's pro se motion, the amended motion filed by his appointed counsel, nor in the testimony adduced at the evidentiary hearing. Issues not presented to the trial court in the motion to vacate a conviction and not addressed in the hearing upon said motion may not be considered on appeal. *Anderson v. State*, 647 S.W.2d 883, 884 (Mo.App.1983); *Moore v. State*, 624 S.W.2d 520, 522 (Mo.App.1981). Moreover, when viewed in context, the challenged remark, made as a part of a hearsay objection addressed to the court and not to the jury, does not appear as likely to call the attention to the jury to the fact that defendant did not testify. *See State v. Ellis*, 710 S.W.2d 378, 386 (Mo.App.1986); *State v. Dick*, 636 S.W.2d 425, 428 (Mo.App.1982); *State v. Martin*, 624 S.W.2d 879, 884 (Mo. App.1981).

Appellant's claim of ineffective assistance by reason of failure to investigate is based upon a tenuous chain of surmise. He directs our attention to Mr. Bell's cross-

examination of the victim who claimed to have seen appellant at some time before the attempted robbery but could not remember where or when. She denied having seen him in her father's store because he had been "barred out" of the store. From this meager foundation, appellant conjectures 1) his attorney was surprised at the answer; 2) had the victim's deposition been taken this fact would have been disclosed and Bell would not have asked the question; 3) the jury concluded "barred out" was evidence of bad character.

Even were we to accept appellant's tenuous argument that this series of inferences demonstrates incompetent performance by Mr. Bell, appellant would nevertheless not be entitled to relief. A 27.26 movant, alleging ineffective assistance of counsel, must show both a lack of customary skill and diligence by his attorney and that he was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Prejudice requires the existence of reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 80 L.Ed.2d 674 (1984); *Holt v. State*, 735 S.W.2d 191, 193 (Mo.App.1987). In view of the fact that appellant was identified at trial not only by the victim but by two other witness who pursued him from the scene of the crime until he fired shots at them, the speculative possibility that the jury may have inferred appellant's character was bad because he had been "barred out" of a store for some undisclosed reason fails to undermine our confidence in the result of the trial.

JUDGMENT AFFIRMED.

GRIMM and SIMEONE, JJ., concur.