**STATE of Missouri, Respondent,**

v.

**Cleveland Gus LAKES, Appellant.**

**No. 36525.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 16, 1975.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas M. Daly, Asst. Circuit Atty., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, Christelle Adelman-Adler, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

CLEMENS, Presiding Judge.

Defendant was convicted of stealing over $50 (Section 560.156, RSMo. (1969)) and sentenced to five years' imprisonment.

Defendant contends the trial court erroneously refused to suppress both physical evidence and evidence of defendant's inculpatory statement to an arresting officer.

On February 15, 1974 patroling police officers Monroe and Oberdieck saw defendant and a companion walking away from a parked panel truck marked "Cross & Son." The men were carrying tool boxes similarly marked. The police reversed direction and as they approached defendant he put the two tool boxes down on the sidewalk.

In stopping defendant and his companion, Officer Monroe drew his handgun as a precaution. Officer Oberdieck, having noticed the truck had been broken into, went into an adjacent building and found the truck's owner, L. R. Cross, who identified the truck and tool boxes as his property. He denied giving anyone permission to enter his locked truck. Defendant contends the drawn weapon so significantly limited his freedom as to constitute an arrest without probable cause and the subsequent "search" was therefore invalid.

The items sought to be suppressed were the tools carried and then voluntarily put down on the sidewalk by the defendant and his companion. These items were in plain, public view of the officers when they approached the defendant. "Where the articles sought to be suppressed were in plain sight of the arresting officer . . . the articles are admissible in evidence over an objection that they were seized as the result of an unlawful search." *State v. Jefferson*, 391 S.W.2d 885, l.c. 888 (Mo.1965).

In *State v. Johnson*, 490 S.W.2d 20 (Mo. 1973), a defendant was found on the loading dock of a retail store where customers were not permitted. An approaching policeman saw in the defendant's car a box marked with the store's name. Defendant held two sealed boxes also marked with the store's name. The court ruled the officer had not conducted an exploratory search of the defendant's trunk. The court also noted that it was not necessary to resort to formal legal process to seize the boxes held and dropped by the defendant in flight.

In the instant case, there was no search. *State v. Hohensee*, 473 S.W.2d 379[3] (Mo.1971). Defendant was in a public place and had no reasonable expectation of privacy. Police officers saw what anyone on the street could see. Seizure of the articles did not occur until after the officers had noticed the name on the truck was also lettered on the tool boxes, the truck's vent window was broken, the door lock was unlatched, and all had been identified by the victimized owner. There was then probable cause for the arrest.

The State presented evidence that defendant, after proper Miranda warnings

had been given, stated to an arresting officer, "Monroe, can I get a break on this?" Defendant argues that since his arrest was illegal this statement should have been suppressed. The statement was made after there was probable cause for arrest, was voluntarily given, not in response to police interrogation, and, appropriate warnings had been given. The statement was admissible.

Judgment affirmed.

KELLY and STEWART, JJ., concur.