STATE of Missouri, Respondent,

v.

Archie Lee PHILLIPS, Appellant.

No. 60896.

Supreme Court of Missouri,
En Banc.

June 29, 1979.

Robert C. Babione, Public Defender, Cornelius T. Lane, Jr., Sp. Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Michael Elbein, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Chief Justice.

This case was transferred after opinion by the then St. Louis Court of Appeals, and we now consider the same as on original appeal.

Archie Lee Phillips was found guilty of murder second degree by a jury and punish-

ment was assessed at 35 years by the trial court. In order to reach its verdict, the jury had to have found that the victim, Pierre Walker, died as a result of a shoot-out between the appellant and one Edward Nathan Bell. The evidence supported such a conclusion.

On December 31, 1974, a conversation started between the appellant and Bell in a Chinese carry-out after the former allegedly became fresh with Bell's girlfriend, Brenda Taylor; the appellant and Bell went outside; the latter went across Union Boulevard towards his car and the appellant walked south on the east side of Union Boulevard; appellant entered Hudson's record shop and came out with a gun. Testimony by a bystander indicated that appellant began firing shots at Bell. A shoot-out between Bell and Phillips ensued, with the victim (seven year old Pierre Walker) being killed in the crossfire.

On voir dire, the State's attorney was allowed to ask the jury if they could find the appellant guilty even if the State could not prove who actually fired the shot that killed the victim. The court called Brenda Taylor as a court witness, over the objection of the defense counsel, even though said witness had previously testified before the Grand Jury and had been endorsed as a State's witness. Ms. Taylor had testified at the trial of Bell, wherein Bell was acquitted.

This case was submitted to the Jury by instructions including MAI–CR 2.40 on self-defense. The court also gave the State's tendered instruction on self-defense which was not approved in MAI–CR. The State also submitted an instruction on murder second, modified to include the issue of transferred intent. Appellant's instruction MAI–CR 6.08 on Manslaughter was refused by the trial court.

On appeal it is alleged that the trial court erred by: (1) allowing the State on voir dire to ask the jury for a commitment to find the appellant guilty; (2) calling Brenda Taylor as a court's witness; (3) giving the State's tendered instruction of self-defense; and, (4) failure to give appellant's manslaughter instruction.

We find the appellant's third objection dispositive and reverse and remand for a new trial on the ground that the trial court erred in the giving of an extra self-defense explanation instruction in addition to the MAI–CR instruction designed to cover the issue.

An examination of the history of MAI–CR is warranted. In 1964 this court embraced the concept of pattern jury instructions when it adopted Missouri Approved Instructions (MAI) for use in civil cases. The value of that system and the benefits it offered quickly became apparent and the Board of Governors of the Missouri Bar decided that pattern jury instructions for use in criminal cases should also be formulated. A committee chaired by Judge Orville W. Richardson was formed. After years of study and preparation the committee brought its work product to this court, where additional time and energy were expended in an effort to eliminate perceivable bias. The result was adoption of Supreme Court Rule 20, which became effective January 1, 1974.

Subparagraph (c) of Rule 20.02 states that:

(c) MAI–CR Excludes Use of Other Forms. Whenever there is an MAI–CR instruction or verdict form applicable under the law to the facts, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other on the same subject.

This rule is essentially the same as Supreme Court Rule 70.02(b) which applies to civil cases.

The need for making use of the approved pattern instructions mandatory was best explained by the Missouri Supreme Court Committee on Jury Instructions in its 1963 report:

There are hundreds of currently acceptable instructions which use language more favorable to one site or the other than the proposed instructions. If counsel are permitted to "improve" the approved instructions, even within the confines of

specific precedents, the value of these instructions will be lost. Each such "improvement" by one counsel will prompt an offsetting "improvement" by his opponent and after a while the court will not be able to find the original with a divining rod.

Missouri Approved Jury Instructions (2d ed. 1969) p. XXVII

This rationale is as equally applicable to criminal cases as it is to civil cases.

■ In the present case the court submitted MAI–CR 2.40, modified, at the request of the appellant on the issue of self-defense. MAI–CR 2.40 is a justifiable homicide instruction which, the Notes on Use state, should be slightly modified and used in assault cases where applicable under the law and the evidence. This instruction was warranted by the facts in this case. Modification for assault was necessary because the case is based on a felony murder theory with assault as the underlying felony. It was submitted as Instruction 7, an MAI–CR 2.40 modified instruction.

The court then, at the request of the respondent (State), introduced an additional instruction explaining that the law of self-defense does not give one a right to attack another or a right to retaliate or seek revenge. It was submitted as Instruction 8. This instruction was not from MAI–CR, nor is there any similar instruction provided for in MAI–CR. The respondent based the instruction on one which was found not to be prejudicial in the case of *State v. Williams*, 522 S.W.2d 641 (Mo.App.1975). While it is true that a similarly worded instruction was approved in *Williams*, and that *Williams* was tried after the adoption of MAI–CR, *Williams* relied on pre-MAI cases. More importantly, the instruction in *Williams* was not challenged on the basis that it was an *additional* instruction upon a subject covered by MAI–CR and the contention, that the

additional instruction was erroneous because it was not authorized by MAI–CR, was not specifically met.

The respondent contends that the extra instruction was necessary because MAI–CR 2.40, while setting forth general law on self-defense, does not address itself to the issue of whether self-defense can be claimed by one who has entered into a difficulty with another in order to punish or wreck vengeance upon him. Thus, respondent asserts, Instruction 8 addressed itself to an area not covered by MAI–CR 2.40 and therefore supplemented, rather than transplanted, the pattern instruction. Such supplementation, it is contended, does not violate Supreme Court Rule 20.02.

At the outset, we note that the instructions tendered by both sides in this case were defective. The wording could not have helped but confuse the jury.

Instruction 7, tendered by the appellant, is set forth below as it was submitted to the jury.

### Instruction No. 7[1]

One of the issues in this case is whether the assault [death] of Edward Nathan Bell [name of victim] was a justifiable assault [homicide]. By "justifiable assault" ["justifiable homicide"] is meant the assault [killing] of another in lawful self-defense. On that issue you are instructed as follows:

1. The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. If the evidence in this case leaves in your mind a reasonable doubt as to whether the defendant acted in lawful self-defense, then you must find the defendant not guilty.

2. If the defendant had reasonable cause to believe and did believe that he was in immediate danger of death or

1. Underlined portions indicate phrases added to or substituted for the wording of MAI–CR; words and phrases in brackets indicate wording which was deleted from MAI–CR. The bracketed notation [sic] appears after wording which should have been modified to fit the facts of the case, but which was not. Portions of the instruction enclosed in parentheses are optional portions provided for in MAI–CR 2.40 which the court chose to include in the submission.

serious bodily harm and had reasonable cause to believe and did believe that is [it] was necessary for him to act as he did to protect himself from such danger, then you are instructed that he acted in lawful self-defense and must be acquitted.

3. Even if the defendant provoked the use or threat of force against himself, nevertheless if he in good faith withdrew or attempted to withdraw from the difficulty and clearly indicated to Edward Nathan Bell [name of victim] that he desired to withdraw and end the use of force, and if Edward Nathan Bell [name of victim] then began, continued and resumed the use or threat of force on his part, and if the defendant at that time had reasonable cause to believe and did believe at that time [that he was in immediate danger of death or serious bodily harm and had reasonable cause to believe and did believe that] it was necessary for him to act as he did to protect himself from such danger, then you are instructed that he acted in lawful self-defense and must be acquitted.

4. In determining whether or not the defendant acted in lawful self-defense you should consider all of the evidence in the case.

(If Edward Nathan Bell [name of victim] prior to the assault [killing] made threats which were known by or communicated to the defendant, you may consider such threats as explaining the conduct or apprehensions of the defendant at the time of the assault [killing] and for the further purpose of determining who was the aggressor at the time and place of the assault [killing].)

(If Edward Nathan Bell [name of victim] prior to the killing [sic] assaulted or directed any specific acts of violence against the defendant, you may consider them as explaining the conduct or apprehension of the defendant at the time of the killing [sic] and for the further purpose of determining who was the aggressor at the time and place of the killing [sic].)

(5. If the defendant had reasonable cause to believe and did believe that he was in immediate danger of death or serious bodily harm and that it was necessary for him to act as he did, it is of no consequence that the appearances later turned out to be false. If he acted in lawful self-defense, as submitted in this instruction, he must be acquitted even though there was (no purpose on the part of Edward Nathan Bell [name of victim] to kill him or do him serious bodily harm) (and) (no immediate danger that it would be done) (and) (no actual necessity to use the force which he did).)

As can readily be seen, the instruction deviates from MAI–CR 2.40 in several respects; it is modified in an inconsistent manner, and it is—at best—confusing.

In the second numbered paragraph the word "is" was substituted for the word "it." Most likely a careless typographical error. But in the third numbered paragraph the phrase "at that time" has been added and the phrase "that he was in immediate danger of death or serious bodily harm and had reasonable cause to believe and did believe that" has been deleted. There seems to be no reason for such a wholesale carving up of MAI–CR 2.40.

Furthermore, the instruction has been modified for assault all the way through *until* the second subparagraph of the fourth numbered paragraph. At that point the word "assault" is no longer substituted for the word "killing" and the instruction reverts from an instruction on justifiable assault to one on justifiable homicide.

Similarly, the instruction tendered by the respondent was also worded in an improper and misleading fashion—leaving aside the issue of whether the additional instruction was proper at all. The instruction read:

### Instruction No. 8

The Court instructs the jury that the law of self-defense does not imply the right of attack, nor will it permit acts done in retaliation or for revenge. Therefore, if you believe and find from the evidence beyond a reasonable doubt that the defendant sought, brought on or voluntarily

entered into a difficulty with the *deceased* (sic) for the purpose of wreaking vengeance upon him, or if you shall find and believe from the evidence beyond a reasonable doubt that Archie Lee Phillips shot at Edward Nathan Bell at a time when he had no reasonable apprehension of immediate and impending injury to himself, and did so from a spirit of retaliation and revenge for the purpose of punishing Edward Nathan Bell, then the defendant cannot avail himself of the law of self-defense, and you should not acquit the defendant on that ground.

(Emphasis added.)

The deceased, of course, was not involved in a difficulty with anyone, he was the tragic victim of this whole senseless affair.

■ Because of the sloppy draftsmenship on the part of both the State and the appellant in their modifications of MAI and additions thereto, confusion of the jury could become readily apparent. Reversal seems indicated unless we are to find that the appellant has little ground to complain in view of the fact that his careless modification of MAI–CR 2.40 encouraged the State to submit a clarifying instruction. The clarifying instruction, however, did not address the inappropriate modifications of Instruction No. 7. Instead, the State addressed itself to elements which were not part of the definition of self-defense, as it feared the jury might read into Instruction No. 7 the act of revenge as a justification for self-defense. We might assume that the State thought that the element of revenge was assumed in the present case and that modification by negation of the assumption was necessary for clarity. While perhaps clarity is its motive, Instruction No. 8 was argumentative in its effect and thus is inappropriate as an instruction in that it emphasizes one element (or lack of element) over and above all other elements.

■ The State contends that its Instruction No. 8 covers an area not covered in MAI–CR and thus the instruction is not preempted by MAI–CR. Instructions are by their nature positive declarations of what the law is and not explanations of

what the law is not. Self-defense not only is not justified by revenge, it is also not justified by an endless list of irrelevant nonelements. Only in the most extreme instances does it become necessary to clarify what is not an element. Even when such an instance is apparent, it is generally for the Rules Committee and the Court to make this change in a uniform change of MAI and not for the individual proponent to submit an unapproved instruction on an ad hoc basis when an approved instruction is available.

Again, we return to our opening observation: if we are to have a system of patterned instructions, those patterned instructions must be followed. To invite one unapproved "improvement" invites more unapproved, nonuniform "improvements." Ultimately, the result would be no patterned instructions. Patterned instructions serve to clarify the law as succinctly and clearly as possible. To invite additions, in areas covered by MAI civil or criminal, is to invite confusion.

Reversal is warranted, and we think it unnecessary to consider other points of alleged error. Even if they arise on retrial, the prosecution will be aware of their thrust and can act accordingly.

■ When an issue challenging an MAI modified instruction or a not-in-MAI instruction is preserved for appeal, the burden is on the party deviating from MAI to show that its deviation is not prejudicial.

■ It is asserted, and we think rightfully so, that the challenge to the additional self-defense instruction *on the ground that it was an additional not-in-MAI instruction* was not preserved for appeal. In appellant's motion for new trial he asserted that the instruction was not supported by the evidence. He did not challenge the instruction on the basis that it was an additional not-in-MAI instruction. If the issue was not preserved for appeal, Plain Error is the standard to be applied rather than shifting the burden of non-prejudiciality to the State.

Review of self-defense instructions has frequently been accorded under plain error principles under Rule 27.20(c). In *State v. Tindall*, 496 S.W.2d 267, 268 (Mo.App.1973), wherein a self-defense instruction challenged was not preserved for appeal, the court stated that:

> . . . plain error Rule 27.20(c) is "particularily appropriate", *State v. Randall*, 476 S.W.2d 593 (Mo.1972), [where a self-defense instruction was also challenged] and that the alleged error directly involves the constitutionally guaranteed rights of the defendant to a fair trial.

See also, *State v. Jackson*, 511 S.W.2d 771, 776 (Mo.1974) and *State v. Robinson*, 516 S.W.2d 40, 43 (Mo.App.1974).

█ Finding plain error in the giving of the additional self-defense "explanatory" instruction, we reverse and remand for new trial.

DONNELLY, RENDLEN, SEILER, SIMEONE and WELLIVER, JJ., concur.

BARDGETT, J., concurs in result.