STATE of Missouri,
Plaintiff-Respondent,

v.

Elizabeth Ann COCKRUM,
Defendant-Appellant.

No. 40323.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 18, 1979.

 

seized in a warrantless search, (3) the prosecutor in argument made reference to defendant's failure to testify, and (4) the court gave an instruction that deviated from MAI–CR. We reverse and remand.

Defendant does not question the sufficiency of the evidence to sustain the judgment, and therefore we will give only a brief statement of the facts.

Defendant operated a business known as Cockrum Auction House where she sold furniture, appliances and clothing. She became acquainted with Elam who was working supervisor at the May Company's Spring Avenue Service Building. Major appliances were delivered to the company at the warehouse by manufacturers and shipped from the warehouse to customers.

False shipping manifests were prepared within the warehouse and major appliances such as washers and dryers would be delivered to various locations where defendant and Mr. Peeters, an employee of defendant, would pick them up and place them at the Auction House or see that they were delivered to persons to whom they had sold the appliances. Defendant would sell the items for less than May Company paid for them.

Police officers visited the part of Cockrum Auction House open to the public and found major appliances that belonged to May Company.

The most troublesome issue presented in this appeal is whether the state in closing argument violated defendant's constitutional and statutory right to remain silent by referring to her failure to testify.

During the state's closing argument the assistant circuit attorney argued as follows:

> He [defendant's counsel] talks about beyond a reasonable doubt and I told you we have to prove Betty Cockrum guilty and we did that with witnesses and we did that with evidence that was uncontradicted, but in our burden we don't have to answer every question. We can never answer every question you may have in your mind about a theft. We don't know exactly all the details of what happened. Only the thieves know that and they're not about to tell us or tell you.

· Shaw, Howlett & Schwartz, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Gordon Ankney, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

STEWART, Judge.

Defendant Elizabeth Cockrum, Gilbert Peeters and Isaiah Elam were charged in a four count indictment with stealing property of a value of more than fifty dollars from the May Company, Inc. Defendant was tried separately and was found guilty by a jury on all four counts. The court entered judgment upon the verdict and sentenced her to two years imprisonment on each count with the sentences to run concurrently.

The defendant urges reversal because (1) a witness for the state testified that defendant said she would not make a statement until she consulted her attorney, (2) the court refused to suppress evidence

The Missouri Constitution as applicable to this case provides that "no person shall be compelled to testify against himself in a criminal cause . . . ." Mo.Const. Art. 1, § 19 (1945). It is also provided by § 546.270 RSMo (1949) and Rule 26.08(a) that:

> If the accused shall not avail himself or herself of his or her right to testify . . it shall not be construed to affect the innocence or guilt of the accused, nor shall the same raise any presumption of guilt, nor be referred to by any attorney in the case, nor be considered by the court or jury before whom the trial takes place.

■ The purpose of the statute and the rule is "to keep absolutely from the jury any reference to the constitutional right . . . against self-incrimination." State v. Barker, 399 S.W.2d 1, 3 (Mo.1966). Crucial to the determination of whether the state had made a direct and certain reference to defendant's failure to testify is the use of the words "accused" and "testify" or their equivalent. State v. Hayzlett, 265 S.W.2d 321, 323 (Mo.1954).

■ Considering the facts in the case we believe that the sentence, "We can never answer every question you have in your mind about a theft" to be a general statement which does not refer to defendant and does not deal specifically with this case. It merely points up the problems of the prosecution in cases of theft. However, we read the statement "We don't know exactly all the details of what happened" as a specific reference to the case at bar which is related to the last statement that "[o]nly the thieves know that and they are not about to tell us or you." The entire argument of the state branded defendant and her co-indictees as thieves. The reference to "thieves" in the challenged portion of the argument can thus only refer to the accused then on trial and her co-indictees. The argument "they are not about to tell us or tell you" calls the jury's attention to the fact that the defendant and the co-indictee did not testify. When the state says to the jury the thieves "are not about to tell . . . you" the reference is to the jury that is then trying the case. We are convinced that the assistant circuit attorney called the jury's attention to the fact that defendant did not testify. Defendant is entitled to a new trial. State v. Lindner, 282 S.W.2d 547 (Mo.1955).

Because the case must be retried we shall discuss other matters that may reoccur on the retrial.

Defendant argues that the court erred in failing to suppress evidence of major appliances seized by the police in the warrantless search of her place of business.

The defendant conducted a business known as The Auction House. She sold major appliances, furniture and clothing to customers who came into the store and also conducted auctions for the sale of such items. On October 20 or 21, 1976, after inspecting a General Electric refrigerator, Dennis Smith, an employee of the May Company, made a down payment for the purchase of the refrigerator. The serial number on the refrigerator matched that of a refrigerator belonging to the May Company. Subsequently a May Company security officer, along with police officers from St. Charles and the City of St. Louis, went to defendant's place of business. They located the refrigerator in an area open to the public. They also looked at other appliances on display and seized twenty-three appliances which belonged to the May Company.[1]

The Fourth Amendment to the Constitution of the United States and Article I, § 15 of the Constitution of Missouri, 1945, are practically the same. The latter provides "[t]hat the people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures . . ."

The interpretation given the Fourth Amendment by the Supreme Court of the

---

1. Defendant was not charged with stealing those particular items. The evidence was introduced to show a common scheme or plan tending to establish the commission of the thefts charged.

United States is equally applicable to Missouri's constitution provision. The Supreme Court of the United States said in *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, 582 (1967):

> [T]he Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. See *Lewis v. United States*, 385 U.S. 206, 210, 17 L.ed.2d 312, 315, 87 S.Ct. 424; *United States v. Lee*, 274 U.S. 559, 563, 71 L.ed. 1202, 1204, 47 S.Ct. 746. But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected.

In the present case the items taken were on display and open to public inspection. There is no evidence from which it can be said defendant intended to preserve any part of the area or the objects in it as private. The object of putting articles for sale upon display is to encourage close inspection in the hope of making a sale. The officers were legally upon the premises and in an area where they had as much right to be as any member of the public and the items were as available for their inspection as they were to the general public. The search did not violate defendant's Fourth Amendment rights. See also *State v. Lakes*, 528 S.W.2d 144 (Mo.App.1975).

We will discuss the defendant's complaint with respect to the instructions, even though the point relied on fails to comply with Rule 84.04(d), because the issue may arise upon retrial. We believe that the issue sought to be raised is that the verdict directing instructions as given deviated from the form instruction MAI–CR 7.70 in that the court substituted the word "obtained" for the word "took."

Defendant was charged with stealing under § 560.156, subd. 1(2) RSMo (1969). This statute defines steal to mean:

> [T]o appropriate by exercising dominion over property in a manner inconsistent with the rights of the owner, either by taking, obtaining, using, transferring, concealing or retaining possession of his property. § 560.156, subd. 1(2) RSMo (1969)

By defining the word "stealing" broadly the legislature intended to eliminate the technical distinctions between the offenses of larceny, embezzlement, and obtaining money under false pretense so as to avoid the many reversals based upon technical grounds. *State v. Eye*, 415 S.W.2d 729 (Mo. 1967); *State v. Mace*, 357 S.W.2d 923, 924–925 (Mo.1962).

In *State v. Phillips*, 583 S.W.2d 526, 527–528 (Mo. banc 1979) the Missouri Supreme Court discusses the history of MAI–CR and states that the rationale for prohibiting changes in MAI for use in civil cases is equally applicable to criminal cases. The courts have held there is no prejudicial error where equivalent or similar words were substituted for words in MAI as long as such deviation does not mislead the jury. *Price v. Bangert Brothers Road Builders, Inc.*, 490 S.W.2d 53, 57 (Mo.1973). The test is whether the instruction is substantially correct, *Stahlheber v. America Cyanamid Co.*, 451 S.W.2d 48, 62 (Mo.1970) and the court should consider the meaning of the instruction to a jury rather than resort to hypertechnical requirements of grammatical perfection and the use of certain words. *Bartleman v. Humphrey*, 441 S.W.2d 335, 348 (Mo.1969). Considering the purpose of the statute and the fact that the words "take" and "obtain" as defined by the statute are synonymous with "steal", the crime charged, the substitution of the word "obtain" is not prejudicially erroneous. See also *State v. Ryun*, 549 S.W.2d 141, 144–145 (Mo.App.1977).

Other matters raised on this appeal should not reoccur on retrial and will not be discussed. This cause is reversed and remanded for a new trial.

STEPHAN, P. J., and KELLY, J., concur.