**STATE of Missouri, Respondent,**

v.

**Karl HINDERMAN, Appellant.**

No. 46499.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 14, 1984.

Henry Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Karl Hinderman, was convicted in a jury trial of robbery in the first degree, § 569.020, RSMo (1978), and sentenced to fifteen years' imprisonment. He appeals. We reverse and remand.

Defendant does not question the sufficiency of the evidence; therefore a brief resume will suffice. On March 3, 1982, defendant and Raymond Mitchell entered a Church's Fried Chicken restaurant. Mitchell, wielding a gun, ordered two of the restaurant's employees to open the cash register and place the money it contained into a bag. Defendant waited at the door to the restaurant, acting as the lookout during the robbery. After taking the mon-

ey from the register, the pair fled from the scene. They were arrested shortly thereafter.

Defendant raises two points of error on appeal. He first contends that the trial court erred in overruling his motion for mistrial during the following voir dire examination by the prosecutor:

MS. RAKER [Assistant Circuit Attorney]: ... Is there anyone here who would require the state to put on a certain number of witnesses before they would accept oral testimony evidence and make a decision about guilty or innocence? Everyone understand my question?

MR. NAUDEN: Yes. I think if we have only oral testimony as evidence I would think I would need more than one because if one person goes up and says one thing and the other side, the defense says one thing, we're right at a stalemate if I'm going to accept any sworn testimony as the truth. So I would have to be able to compare these two statements together to see if they are true, you know.

MS. RAKER: I think I understand what you're saying. I have a couple of responses to you. Number One, it's important to understand that you may only hear—okay?—the state's case; that *the defendant does not have the burden to put on any evidence at all. He may choose not to. I can't call him to the stand, okay?* [Emphasis added.]

MR. LEVITT [Defense Counsel]: Your Honor, may we approach the bench? (Counsel approached the bench and the following proceedings were had out of the hearing of the jury:)

MR. LEVITT: Your Honor, I move for a mistrial on the basis that—

THE COURT: She's just stating—

MR. LEVITT: Let me finish my motion for a mistrial then she can respond and Your Honor can rule on it, okay? Just for the record purposes I move for a mistrial on the basis that she has eluded [sic] to the defendant's right not to testify; has called attention to that fact; and

has therefore influenced the jury, and persuaded them to the extent that if he doesn't testify, they're going to say 'Ha ha, no evidence from the defendant and, therefore, hearing no evidence from the defendant and only hearing evidence from the state that we have to find him guilty.'

THE COURT: She hasn't said anything. That's the law. She's merely giving them what the law is

MS. RAKER: You said—

MR. LEVITT: I have not done any voir dire.

\* \* \* \* \* \*

THE COURT: All right, your motion for a mistrial is overruled.

Defendant argues that the prosecutor's remarks were an improper comment on his right not to testify. We agree.

Article I, § 19 of the Missouri Constitution provides that a person shall not be compelled to testify against himself in a criminal trial. Comments regarding a defendant's failure to testify also cannot be referred to by any attorney in the case. § 546.270, RSMo (1978); Rule 27.05. Remarks which call the jury's attention to whether the defendant testifies or which induce the defendant to testify are proscribed. *State v. Croka*, 646 S.W.2d 389 (Mo.App.1983); *State v. Lindsey*, 578 S.W.2d 903 (Mo. banc 1979). These comments improperly influence the jury and prevent the defendant from receiving a fair trial. *Lindsey*, 578 S.W.2d at 904; *Croka*, 646 S.W.2d at 390.

We hold that the prosecutor's remarks constituted a direct infringement upon the defendant's basic constitutional right against self-incrimination. The trial court, therefore, prejudicially erred in overruling defendant's motion for a mistrial.

In light of our holding, we need not address defendant's other point alleging trial court error in permitting, over objection, hearsay testimony.

The judgment is reversed and the case is remanded for a new trial.

KAROHL, P.J., and REINHARD, J., concur.