STATE of Missouri,
Plaintiff–Respondent,

v.

Dennis N. BULLOCH,
Defendant–Appellant.

No. 55705.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 13, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 14, 1990.

Application to Transfer Denied
April 17, 1990.

Arthur S. Margulis, Stephanie J. Kraus,
Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Appellant was convicted of arson in the second degree and tampering with physical evidence. He was sentenced to six years on the arson count and a consecutive five years on the tampering charge. The trial court denied appellant's motion for new trial and this appeal followed.

Viewed in a light most favorable to the verdict, the evidence is as follows:

On August 2, 1986, the grand jury of St. Louis County indicted appellant on the charge of murder in the first degree, and on September 13, 1986 for arson in the second degree. The state sought the death penalty on the murder charge and severed the arson charge. Appellant was found guilty of involuntary manslaughter and sentenced to seven years imprisonment. Appellant testified before the jury at that trial.

The state subsequently filed additional charges of armed criminal action and tampering with physical evidence. Appellant's second trial was thereafter transferred to Cape Girardeau County on his motion for change of venue. Appellant then filed a writ of prohibition to prohibit the state from proceeding on the new charges. The writ was made absolute, but only on the armed criminal action charge. *State ex rel. Bulloch v. Seier,* 771 S.W.2d 71, 75–76 (Mo. banc 1989).[1]

Before the writ of prohibition was filed, the trial court heard arguments on appellant's motions to dismiss the charges of armed criminal action and tampering with physical evidence and to suppress physical evidence. These motions were overruled by the trial court, but were refiled at the start of trial. They were denied again without argument.

The state's evidence showed that on May 6, 1986 appellant and his wife participated in an episode of sexual bondage involving the use of duct tape. Mrs. Bulloch suffocated as a result of the bondage. Appellant, in a fit of panic, moved her body to the garage and placed it between their two automobiles, a Buick and a Honda. He covered his wife's body with an afghan, gathered up her diary, some tape and tape spools, and placed it all in a bag. He used the bag to start a fire in the back seat of the Buick which eventually spread to portions of the garage. Appellant planned to commit suicide, but changed his mind. He left and hitchhiked to the airport. He did not call for emergency help at any time.

■ Appellant has raised three points on appeal. The second and third points assert trial court error in failing to dismiss the indictment for tampering with physical evidence and for overruling the motions to suppress evidence. These points have not been preserved for appellate review because appellant has failed to provide us with a transcript of the hearing on these motions. We note that the transcript was filed with this court as part of the record on the writ of prohibition, *supra,* but it was transferred to our Supreme Court upon that court's order. We have no record before us and, therefore, must dismiss Points II and III.[2]

■ Appellant's first point contends that the trial court committed reversible error when it overruled appellant's motion for new trial. Appellant argues that the state made either a direct and certain reference or, in the alternative, an indirect reference to appellant's failure to testify.

The state introduced appellant's testimony from his first trial in which he testified

1. The state filed a petition for writ of certiorari in the United States Supreme Court which has since been denied. *Missouri v. Bulloch,* — U.S. ——, 110 S.Ct. 718, 107 L.Ed.2d 738 (1990).

2. Appellant included portions of various suppression hearings in a supplemental legal file, which was not certified by the circuit court clerk pursuant to Rule 30.04(g). The supplemental legal file is not properly before us and will not be considered. Moreover, none of the portions of the hearings contain rulings the trial court made; only isolated testimony. Even if we were to consider the supplemental legal file, there would still be nothing for us to review.

that he started the fire after reading his wife's diary. "[T]he pain and agony that she expressed there was something I didn't realize and I didn't know about and that's when I went into a rage or an anger and started the fire."

Both the state and defense counsel referred to this previous testimony during closing argument. Then, during the rebuttal portion of his closing argument, the prosecutor made the following statement:

> A man that looks at you in testimony and says I wanted to be close to her as the fire is burning in the diary—the diary, we don't know what it says, what kind of rage it would have that a man—I'm so angry at that diary, I'll burn it next to her body.
>
>    *     *     *     *     *     *
>
> It was necessary for him at that time to say and tell you, the only prior jury, tell the Court, police officers, I wasn't even there, because that's what he said, I burnt that out of rage, and have you heard what it was that made him so mad? Have you heard? No.

Defense counsel objected to this argument, and requested a mistrial, on the grounds that the state had violated appellant's right not to testify. At a sidebar conference the trial judge stated, "I do remember feeling you were making a direct comment on his failure to testify." The following then transpired:

> The Court: Who else but the defendant could answer your rhetorical question, what have you heard what made him so mad? Who else can answer that.
> Mr. Mehan (prosecutor): He [the defendant] could.

The trial court sustained appellant's objection, instructed the jury to disregard the prosecutor's last comment, and overruled appellant's motion for mistrial.

The trial court is given wide discretion in controlling the scope of closing argument because it is in a better position to observe the incident and determine prejudicial effect on the defendant. *State v. Robinson*, 641 S.W.2d 423, 426 (Mo. banc 1982). A defendant is granted the right not to testify pursuant to the Fifth Amendment to the United States Constitution, Article I, Section 19 of the Missouri Constitution, § 546.270, RSMo 1986 and Rule 27.05. *State v. Chunn*, 657 S.W.2d 292, 294 (Mo. App.1983). The purpose is "to keep absolutely from the jury any reference to the constitutional right ... against self-incrimination." *State v. Cockrum*, 592 S.W.2d 300, 302 (Mo.App.1979) quoting *State v. Barker*, 399 S.W.2d 1, 3 (Mo.1966). A prosecutor is not allowed to comment on a defendant's decision not to testify. *State v. Nelson*, 719 S.W.2d 13, 16 (Mo.App. 1986).

■ To determine if the prosecutor's comment was improper we first decide if it was a direct or indirect reference to appellant's failure to take the stand. A direct and certain reference will use the words "accused" and "testify" or their equivalent. *Cockrum*, 592 S.W.2d at 302. An indirect reference, when viewed in context, would cause the jury to infer that the remark referred to the accused's failure to testify. *State v. Hill*, 678 S.W.2d 848, 850 (Mo.App. 1984). Both direct and indirect references are forbidden. *Chunn*, 657 S.W.2d at 294. A direct and certain reference mandates a new trial but an indirect reference only makes the conviction voidable and a new trial is required only when the reference clearly draws the jury's attention to the defendant's failure to testify. *Id.* at 294 n. 1.

In this case, we find the prosecutor's comment is a direct and certain comment upon Appellant's failure to testify. The prosecutor specifically stated that "It was necessary for him [the defendant] at that time to say and tell you...." "Say" and "tell" are equivalent to the word "testify." *Cockrum*, 592 S.W.2d at 302. Their use by the prosecutor impermissibly comments upon the defendant's constitutional right not to testify, thus mandating a new trial. We, therefore, reverse and remand for a new trial.

HAMILTON, P.J., concurs.

CARL R. GAERTNER, C.J., concurs in separate opinion.

**756**

CARL R. GAERTNER, concurring.

I concur. It may well have been the intention of the Assistant Prosecuting Attorney to refer in his comments to the jury to the defendant's testimony at the first trial. Nevertheless, our duty to preserve the constitutional right against self-incrimination from infringement by adverse comment does not permit us the luxury of attempting to distinguish between malicious intent and innocent slip of tongue where the comment points so directly at the defendant's failure to testify.

Because this case must be retried, it would be preferable if we were able to determine the merits of appellant's points charging trial court error in overruling his pre-trial motions. Because we are totally uninformed regarding the reasons underlying the trial court's rulings or what evidence may be supportive thereof, we are constrained to remand the case with an undecided issue even though it is likely to recur on retrial.

It is apparent from the record before us that some items of physical evidence were seized from appellant's residence during warrantless searches occurring hours and days after the fire was extinguished. While there may well be evidence of which I am uninformed which would serve to distinguish this case from such cases such as *Michigan v. Clifford,* 464 U.S. 287, 104 S.Ct. 641, 78 L.Ed.2d 477 (1984) and *Mincey v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978), in the interest of judicial economy, I temerariously suggest consideration of the principles enunciated in such cases before retrial.