**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Mark Anthony JACKSON,
Defendant–Appellant.**

**Mark Anthony JACKSON,
Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**Nos. 53951, 56785.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 14, 1990.

Application to Transfer Denied
July 31, 1990.

---

William J. Shaw, Public Defender, Clayton, David C. Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Mark Anthony Jackson, appeals from his convictions, after a jury trial, of three counts of forgery, Section 570.090.1(1), RSMo (1986), for which he was sentenced to three concurrent 15 year terms of imprisonment. We reverse the judgments of conviction and remand for a new trial.[1]

Viewed in the light most favorable to the verdict, the evidence established that defendant purchased three items at a department store, using a stolen credit card issued by that store.

In the first point of his direct appeal, defendant claims that the trial court erred in denying a mistrial when the prosecutor commented on defendant's right to testify. The challenged statement occurred during the cross-examination of one of the salespersons from whom defendant purchased some shoes with the stolen charge card. The salesperson had stated on direct examination that defendant was buying shoes which did not fit him. On cross-examination, defense counsel asked the salesperson if she could identify defendant's shoe size just by looking at defendant in the courtroom. The following colloquy occurred:

[Defense Counsel]: Mark, why don't you stand up.

[Witness]: Um-hum.

[Defense Counsel]: What size shoes are these?

[Witness]: I would say 9 and a half or ten.

[Defense Counsel]: Are they, Mark?

THE DEFENDANT: What size were they?

[Prosecutor]: Well, Judge, wait. I'm going to object at this point.

THE COURT: Sustained

[Defense Counsel]: What's the objection?

[Prosecutor]: Not a proper foundation, first off. They're his shoes. If he wants to testify concerning the size of his shoes, he can. It's improper.

Defense counsel then asked for a bench conference and moved for a mistrial because of the prosecutor's reference to defendant's right to testify. Defense counsel claimed that he was soliciting an in-court demonstration from defendant; and that, in response to the State's objection, he was merely requesting the basis of that objection when the State made its comment on defendant's testifying. At first, the prosecutor denied that he was referring to defendant's testifying; but, when the record was read back, he countered that defense counsel had "asked for it."

---

1. Defendant, as movant, also appeals from the denial of his Rule 29.15 motion. Because of our holding on defendant's direct appeal, the denial of his motion for post-conviction relief is not a justiciable issue. The issue raised in that appeal is now moot because the instant judgments have been vacated and the cause remanded for new trial.

■ Defense counsel's conduct notwithstanding, the prosecutor had no right to comment on defendant's right to testify. Both Article I, Section 19 of the Missouri Constitution and the Fifth Amendment to the Constitution of the United States provide that a person shall not be compelled to testify against himself in a criminal trial. Comments regarding a defendant's failure to testify cannot be referred to by any attorney in the case. Section 546.270, RSMo (1986); Rule 27.05(a). It is an elemental precept that remarks which call the jury's attention to whether the defendant testifies or which induce the defendant to testify are proscribed. *State v. Bulloch,* 785 S.W.2d 753, 755 (Mo.App.1990); *State v. Hinderman,* 665 S.W.2d 699, 700 (Mo. App.1984). Such comments improperly influence the jury and prevent the defendant from receiving a fair trial. *Id.*

■ We hold that the prosecutor's remark that "[i]f [defendant] wants to testify ... he can" constituted a direct infringement upon defendant's basic constitutional right against self-incrimination. The statement not only called the jury's attention to defendant's subsequent failure to testify at trial but also could be perceived as a challenge to induce defendant to testify. Because the impermissible comment was a direct reference to defendant's constitutional right not to testify, it mandates a new trial. The trial court, therefore, prejudicially erred in overruling defendant's motion for a mistrial.

The judgments of conviction are reversed and the case is remanded for a new trial. In light of our holding, we decline to address other points raised by defendant on direct appeal.

KAROHL and REINHARD, JJ., concur.

