STATE of Missouri,
Plaintiff–Respondent,

v.

Ronald E. HOOPER,
Defendant–Appellant.

No. 16539.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 1990.

Motion for Rehearing or Transfer
Denied Dec. 26, 1990.

Ted M. Henson, Jr., Poplar Bluff, for defendant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Presiding Judge.

Ronald E. Hooper (hereafter referred to as "defendant") appeals from the judgment and sentence of the Circuit Court of Butler County convicting him of selling methamphetamine, a controlled substance. § 195.020.1.[1] He was sentenced to imprisonment for a term of twenty-five years. § 195.200.1(4), RSMo Supp.1988.[2] This court affirms the judgment of conviction and remands the case for resentencing.

Defendant raises two points by this appeal. He asserts the trial court erred in giving Instruction No. 6 that defined the word "sale." He also asserts that the trial court erred "in imposing a twenty-five year sentence on the defendant for the crime of selling methamphetamine" for the reason that the sentence constitutes "cruel and unusual punishment" contrary to provisions of the Missouri Constitution and contrary to the Eighth Amendment of the Constitution of the United States.

The facts established by the evidence, viewed in the light most favorable to the verdict, are as follows. On October 7, 1988, Elmer Goosetree contacted two Poplar Bluff police officers and told them that he could purchase a quantity of methamphetamine, or "crack," from defendant. The police provided Goosetree with $350 to be used to buy an eighth of an ounce of methamphetamine from defendant. A radio transmitter was attached to Goosetree's

---

1. References to statutes are to RSMo 1986 unless otherwise stated.

2. Section 195.020.1 and § 195.200, RSMo Supp. 1988, were repealed in 1989. The statute for the criminal offense of which defendant was con-

victed became § 195.211.1, RSMo Supp.1989. That offense was made punishable as a class B felony, § 195.211.2, RSMo Supp.1989, effective August 28, 1989.

leg for purposes of transmitting sound to an area at which the police would monitor and record the events that transpired.

Goosetree was searched to determine that he had no controlled substance or money on his person other than that provided by the police. The police officers transported Goosetree to a location near defendant's residence. The police officers were not within sight of the residence; however, they were close enough to monitor and record the transmission from the radio transmitter that had been attached to Goosetree's leg.

Goosetree walked to defendant's residence. Defendant and Jeff Galbrith were at the residence when Goosetree arrived. Defendant told Goosetree that he thought he could get the methamphetamine that Goosetree wanted.

Defendant and Galbrith then left the residence in defendant's truck. They went to a McDonald's restaurant where Galbrith let defendant out of the truck. Galbrith continued in defendant's truck to a location where he attempted to obtain the methamphetamine that was to be sold to Goosetree. He was unable to get the quantity of methamphetamine that Goosetree had requested but he did get a lesser amount.

Galbrith returned to the McDonald's restaurant and picked up defendant. They proceeded back to defendant's residence. While in defendant's truck, Galbrith gave the methamphetamine that he had obtained to defendant. When Galbrith and defendant returned to defendant's residence, defendant gave the methamphetamine to Goosetree in exchange for $175. Goosetree left defendant's residence and went to a prearranged location at which he met the police officers. He gave the police officers the methamphetamine and the remainder of the money they had provided for his use.

Defendant presented evidence at trial that he had assisted Goosetree in contacting Galbrith and that the sale of methamphetamine was made by Galbrith, not by

him. It is based upon this defense that defendant urges that the giving of Instruction No. 6 by the trial court constituted prejudicial error.

The verdict-director instruction that was given to the jury was in the form prescribed by MAI–CR 3d for the offense of selling a controlled substance, other than marijuana or hashish, in violation of § 195.020—MAI–CR 3d 332.06.2 (1-1-87).[3] It was given as Instruction No. 5. Defendant does not complain about Instruction No. 5. However, Instruction No. 6, the instruction about which defendant does complain, states:

### INSTRUCTION NO. 6

As used in Instruction No. 5, sale includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee.

Defendant's complaints are two-fold. He complains that the instruction does not begin with the words, "The following term used in these instructions is defined as follows:" as is set forth in MAI–CR 3d 333.00 as the "general form" for definitions. He also complains that defining "the word 'sale' is not required or permitted under the provisions of MAI–CR 3d 333.00." Defendant argues that the "deviation" was prejudicial.

■ Looking first at the second prong of defendant's allegation of error with respect to Instruction No. 6, i.e., that defining the word "sale" was "not required or permitted" by MAI–CR 3d 333.00, it appears that defendant misconceives the mechanics for the use of that pattern instruction. Paragraph 2 of the Notes on Use for that instruction provides, in pertinent part:

The following rules apply for the defining of terms:

.        .        .        .        .

**3.** This instruction is used for offenses committed prior to August 28, 1989. The correct verdict-director instruction for the same offense committed on or after August 28, 1989, is MAI-CR 3d 325.04. It relates to offenses committed in violation of § 195.211.1, RSMo Supp.1989, as stated in n. 2, *supra.*

B. A term may be defined when the Notes on Use permit the definition of that term. Typical language that authorizes, but does not require, a definition is "The following term(s), if used in the instruction, may be defined by the Court on its own motion and must be defined upon written request in proper form by the state or by the defendant."

.  .  .  .  .

Paragraph 5 of the Notes on Use for MAI–CR 3d 332.06.2 (Instruction No. 5) states:

The following terms, if used in the instruction, may be defined by the Court on its own motion and must be defined upon written request in proper form by the state or by the defendant:

"possessed" or "possession," "sale."

See MAI–CR 3d 333.00.

Defendant's assertion that the giving of the definition of "sale" was not permitted by the terms of MAI–CR 3d 333.00 is incorrect.

Defendant's remaining allegation of error directed to Instruction No. 6 relates to the "general form" of MAI–CR 3d 333.00. MAI–CR 3d 333.00 prescribes, as the general form for the instruction on "definitions":

The following term(s) used in these instructions (is) (are) defined as follows:

[*Set out the terms and their proper, applicable definition.*]

Paragraph 5 of the Notes on Use states, however:

The Court is given discretion as to how to submit the definitions to the jury. If a term is used in only one instruction, the definition of that term may be added at the bottom of that instruction, or may be submitted to the jury as a separate instruction.

.  .  .  .  .

■ Defendant's claim of error with respect to the format of the definition instruction, Instruction No. 6, is correctly based upon the proposition that any deviation from MAI–CR 3d constitutes error, including deviation from the directions to an instruction's Notes on Use. Rule 28.02(f). The prejudicial effect of a particular variation, however, is to be judicially determined. *Id.* The burden is on the party deviating from the directives of MAI–CR to show that the instruction submitted was not prejudicial. *State v. Phillips,* 583 S.W.2d 526, 530 (Mo. banc 1979). Instruction No. 6 was submitted by the state.

■ The state argues that the language "in question" was introductory; that it "paraphrases the MAI language, it does not alter its meaning." The state asserts that "this minor deviation" could not possibly have prejudiced defendant.

This court concludes that the state's failure to explicitly follow MAI–CR 3d, although error, was not prejudicial. As observed, *supra,* the state by requesting that "sale" be defined had the option of submitting a separate definition instruction in the general form prescribed by MAI–CR 3d 333.00 or by adding the definition of that term at the bottom of the one instruction to which it applied, Instruction No. 5. Had the definition been added to the bottom of Instruction No. 5, it would not have had the introductory language, "The following term used in these instructions is defined as follows." By stating only one definition in Instruction No. 6, which immediately followed the verdict-director instruction to which that definition applied, no prejudice occurred. Defendant's first point on appeal is denied.

■ Defendant's second point on appeal alleges that imposition of a twenty-five year sentence for the offense of selling methamphetamine, a controlled substance, is cruel and unusual punishment. This point was not raised in defendant's motion for new trial. It has not been preserved for appeal. "In order to appeal constitutional questions, the grounds must be asserted at the first opportunity and must be preserved in the motion for new trial." *State v. Loewe,* 756 S.W.2d 177, 180 (Mo. App.1988).

■ Notwithstanding the foregoing, as stated in n. 2 and n. 3, *supra,* the statute that established the offense of which defendant was found guilty, § 195.020.1, and the applicable punishment statute,

§ 195.200.1(4), RSMo Supp.1988, were repealed in 1989. That offense and its applicable punishment provision became §§ 195.211.1 and .2, RSMo Supp.1989, respectively. Although the same conduct for which defendant was convicted would constitute a crime, if committed after August 28, 1989, by reason of § 195.211.1, RSMo Supp.1989; § 195.211.2, RSMo Supp.1989, prescribes a different punishment than was prescribed by § 195.200.1(4), RSMo Supp. 1988. Section 195.211.2 provides that the offense of delivery (including sale) of a controlled substance, other than a quantity of five grams or less of marijuana, is a class B felony. The range of punishment for a class B felony is imprisonment for not less than five years nor more than fifteen years, § 558.011.1(2), as compared to the range of punishment prescribed by § 195.200.1(4), RSMo Supp.1988, of imprisonment for not less than 5 years nor more than life imprisonment. The change in the range of punishment occurred during the time this case has been on appeal.

In *Hamil v. State*, 778 S.W.2d 247, 249–50 (Mo.App.1989), the court addressed the effect on a case pending on appeal of amended legislation reducing the penalty for the offense charged. That court stated:

> Section 1.160(2) manifests the legislature's intent that in qualifying cases a convicted defendant should benefit from an amending statute reducing the penalty for the crime for which he was convicted. Section 1.160(2) states "that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law." Section 1.160(2) is applicable to cases still pending at the time a reducing statute becomes law. A judgment is not final for purposes of appeal because it is not conclusive on the parties "until the losing party has failed to appeal within the time allowed by law, or, having appealed, until the appeal is determined." A suit is pending from the time it is instituted until its disposition is final. (Citations omitted.)

Although defendant has not addressed this issue in his brief, Rule 30.20 directs that plain errors respecting the sufficiency of the information or indictment, verdict, judgment or sentence, affecting substantial rights, whether briefed or not, may be considered upon the appellate court finding that manifest injustice has resulted therefrom. Defendant's sentence of twenty-five years exceeds the maximum punishment now prescribed for the conduct that constituted the offense of which he was convicted. Absent this case being remanded for sentencing in accordance with the currently authorized range of punishment, manifest injustice will result.

The judgment of conviction is affirmed. The case is remanded to the trial court to resentence defendant in accordance with § 195.211.2, RSMo Supp.1989.

FLANIGAN, C.J., and SHRUM, J., concur.