STATE of Missouri, Plaintiff–
Respondent,

v.

Ronald E. HOOPER, Defendant–
Appellant.

Ronald E. HOOPER, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

Nos. 17385, 17870.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 17, 1992.

Motion for Rehearing or
Transfer Denied Dec. 8, 1992.

Mary L. Dilks, Poplar Bluff, for defendant-appellant and movant-appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent and respondent-respondent.

SHRUM, Judge.

This consolidated appeal stems from *State v. Hooper*, 801 S.W.2d 717. (Mo.App. 1990), in which we affirmed the defendant's conviction by a jury of selling methamphetamine, a violation of § 195.020.1, RSMo 1986, but set aside his 25–year sentence and remanded for resentencing because the legislature changed the range of punishment while the appeal was pending.[1]

Following remand, the trial court sentenced the defendant to 15 years' imprisonment. In case No. 17385, the defendant appeals, arguing that 15 years, being the "maximum penalty," is "disproportionate and excessive to that recommended by the jury, which was less than the maximum term." We reject the defendant's argument and affirm the sentence.

In case No. 17870, the defendant appeals from the denial, following an evidentiary

1. The prescribed punishment when the defendant was convicted and originally sentenced was a term of imprisonment ranging from not less than five years to life. § 195.200.1(4), RSMo Supp.1988. Effective August 28, 1989 (approximately two and one-half months after the trial), § 195.020.1 was replaced by § 195.-211.1, RSMo Supp.1989, which made the offense of which the defendant was convicted punishable as a class B felony. § 195.211.2, RSMo Supp. 1989. Thus, the range of punishment became imprisonment for not less than five years nor more than fifteen years. § 558.011.1(2), RSMo 1986.

hearing, of his Rule 29.15 motion for post-conviction relief. For various reasons to be discussed, we affirm.

### Case No. 17385

Recognizing the potential shortcomings of paraphrasing and summarization, we offer the following as a concise restatement of the defendant's single point on direct appeal and his argument thereunder:

> The 15–year term the defendant received on resentencing was excessive and not in proportion to that assessed by the jury. The trial court could not assess the maximum punishment under § 558.-011.1(2), RSMo 1986, because the jury did not assess the maximum under § 195.-200.1(4), RSMo Supp.1988. The court should have sentenced the defendant to a term of years between five and fifteen proportionate to the jury's assigned twenty-five years in a range of five to life. This court should remand for new trial or for resentencing.

■ The bare claim that the 15–year term levied by the court upon resentencing was excessive is without merit. "[W]hen punishment imposed is within the range prescribed by statute, it cannot be judged excessive by the appellate court[.]" *State v. Repp*, 603 S.W.2d 569, 571[4] (Mo.banc 1980).

■ The argument that the court-imposed sentence is erroneous because it was "disproportionate" to the sentence earlier imposed by the jury likewise fails. On a criminal appeal, the burden of demonstrating error is on the appellant. *State v. Harrison*, 539 S.W.2d 119, 121[1] (Mo.App. 1976). The defendant offers no authority to support his argument that the new sentence must be proportionate to the old.

The jury was instructed that if it found the defendant guilty it should "assess and declare one of the following punishments: 1. Life imprisonment. 2. Imprisonment for a term of years fixed by you, but not less than five years." The jury responded by sentencing the defendant to a term of years. It would be not only impossible but also improper to divine from the jury's assessment some determination by them that the defendant should spend a certain percentage of his estimated remaining years on earth in the custody of the department of corrections.

Point I is rejected. The judgment in case No. 17385 is affirmed.

### Case No. 17870
### FACTS

The transcript in the defendant's appeal of his conviction and original sentence (case No. 16539) was filed in this court on November 27, 1989. On November 29, 1990, we issued our opinion, reported at 801 S.W.2d 717, affirming the conviction and remanding for resentencing. The defendant was resentenced on January 29, 1991, and he appealed (case No. 17385). We ordered the legal file and transcript from the original appeal, case No. 16539, to be filed as the record on appeal in case No. 17385; this was accomplished on April 1, 1991.

On April 3, 1991, the defendant filed a pro se Rule 29.15 motion by which he sought to set aside his conviction and his resentencing. Present counsel was appointed April 5, 1991, and on April 30, 1991, the defendant filed an amended Rule 29.15 motion and a motion for a change of judge.

The motion court sustained the change of judge motion on May 13, 1991; however, it set aside that order on May 23, 1991, based on *Thomas v. State*, 808 S.W.2d 364 (Mo. banc 1991) (decided May 3, 1991). In *Thomas*, our supreme court held that Rule 51.05 (the change of judge rule in civil cases) does not apply to postconviction proceedings. 808 S.W.2d at 366–67[2].

The motion court conducted an evidentiary hearing and, on October 28, 1991, denied the defendant's request for relief under Rule 29.15. The motion court issued findings of fact and conclusions of law, ruling on the merits of the defendant's claims.

The defendant raises two issues in this appeal of the denial of postconviction relief. First, he contends the motion court erred in setting aside its order granting a change of judge because that ruling was "a retrospective application of [*Thomas*] ... in violation of [the defendant's] right to due pro-

cess ... and that upon the timely filing of the motion for change of judge the court was without jurisdiction to adjudicate the case." Second, the defendant contends the motion court erred in its conclusion that he did not receive ineffective assistance of counsel where trial counsel failed to object to the admission into evidence of a tape recording of the drug transaction.

We first consider the defendant's contention on appeal related to his claim of ineffective assistance of trial counsel. Rule 29.15(b) provides, in pertinent part:

A person seeking relief pursuant to this Rule 29.15 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form 40. If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04.... Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15.

The 30–day time limitation of Rule 29.15(b) is mandatory; if the motion is untimely filed, the appropriate motion court action is dismissal. *Smith v. State*, 798 S.W.2d 152, 153 (Mo.banc 1990). The transcript in the defendant's appeal of his conviction and original sentencing was filed in this court on November 27, 1989. The Rule 29.15 motion was not filed until April 3, 1991, more than 16 months later. The motion court should have dismissed the defendant's request for postconviction relief as it pertained to the conviction and original sentence.[2]

Because all issues raised by the defendant in his pro se and amended motions were not preserved for our review or should have been the subject of motion court dismissal, the defendant's point on appeal concerning the motion court's vacation of its order granting a change of judge is moot.

In case No. 17385, we affirm the judgment by which the court resentenced the defendant to a term of 15 years' imprisonment. In case No. 17870, we affirm the court's denial of postconviction relief.

PARRISH, C.J., and CROW, P.J., concur.

---

2. Although some allegations in the defendant's Rule 29.15 motion attack the judgment of the resentencing court, the defendant does not complain on appeal of error in the motion court's ruling on those allegations. Accordingly, we deem those claims to be abandoned. *See O'Neal v. State*, 766 S.W.2d 91 (Mo.banc), *cert. denied*, 493 U.S. 874, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989). Therefore, we need not decide whether a defendant who has been resentenced following a direct appeal may mount a collateral attack pursuant to Rule 29.15 on the resentencing judgment.